# GRAFTON.

## JANUARY TERM, A. D. 1860.

---

### BETHLEHEM v. ANNIS.

A deed upon condition is not a mortgage, unless it is a security for a debt or a demand in the nature of a debt. If the demand on breach of the condition would be for unliquidated damages, it is not a mortgage.

Courts of equity may, nevertheless, relieve from the forfeiture of such conditions, as in case of other penalties; such relief being adapted to the nature of each case.

A deed, conditioned for the support of a person in old age, is not a mortgage, and the interest of neither party is assignable without the consent of the other.

No action at law can be maintained by an assignee of the grantor, unless, perhaps, where there has been an actual breach and an entry for condition broken before the assignment.

THIS is a writ of entry, to recover a portion of lot No. 11, in the second range of lots in Littleton, in this county, originally commenced in the court of Common Pleas, and brought to this court by appeal. Plea, *nul disseizin*.

The plaintiff claims under a deed from the defendant to one Nathan Goddard, and an assignment thereof by Goddard. The deed was in the usual form of a deed of warranty, with a condition that if said Annis, his heirs and assigns, " shall well and sufficiently support the said N. Goddard, and N. Goddard, his wife, at all times during their natural lives, or the natural life of the survivor of them, in the house of the said Annis, and provide them

Bethlehem *v.* Annis.

with meat, drink, lodging, clothes, nursing, medicine, and all other things necessary and convenient, and suitable for their condition in life, the said Goddard and his wife laboring for the said Annis according to their ability, and with decent burial at their decease, and shall also within one year pay and deliver to R. Gordon, wife of J. Gordon, one good feather bed, and to E. Goddard one good fall leaf table, and one good bedstead, this deed to be void."

The assigment was as follows : " Know all men by these presents, that I, N. Goddard, within named, in consideration of the sum of one dollar, paid by the town of Bethlehem, do hereby assign and make over to the said town of Bethlehem all my right and interest in and to the within described mortgaged premises, and to the claim or demand secured by the within mortgage ; to have and to hold the same as collateral security for the payment of the amount expended by said town of Bethlehem for the support of my wife, N. Goddard, amounting to the sum of seven dollars and fifty-nine cents, and also for the payment of any sum that may be hereafter expended by said town for the support of myself or my wife. In witness," &c.

The plaintiff claims that as a matter of fact there was a breach of the condition of said mortgage before the assignment; which the plaintiff denies. The defendant insists that the mortgage was not assignable, and that the action cannot be maintained in the name of the plaintiff, if a breach was proved before the assignment. It was agreed that if the court should be of opinion that said assignment is invalid, a nonsuit shall be ordered ; otherwise there shall be a trial by jury.

*Woods & Binghams*, for the defendant.

The assignment is, in substance, that the said N. Goddard and his wife, having a legal settlement as paupers in Bethlehem, and the town having furnished relief to them

as such to the amount of $7,59, procured Goddard to assign this mortgage as collateral security for the repayment of that sum, and any further sums the town might so expend. The assignment is merely collateral, the general property remaining all the while in the assignor. It is like a pawn or pledge, the essence of which is the security of some debt or engagement; Stor. Bail., sec. 300; and when such debt ceases, or for any cause does not exist, there is no longer any special property in the pledge, or pawn. *Tufts* v. *Hayes*, 21 N. H. 138.

In this case the claim made by the plaintiff for repayment of aid furnished, is fictitious, and has no legal existence. *Charlestown* v. *Hubbard*, 9 N. H. 195. Nor can it ever have been valid. The idea of taking security for the repayment of a gift, either made or to be made, is plainly absurd, and hence no property or right in the town to maintain the action, as a writ of entry upon a mortgage must be in the name of the party owning the debt, claim, or right secured thereby. *Rigney* v. *Lovejoy*, 13 N. H. 247; *Southerin* v. *Mendum*, 5 N. H. 420; *Ellison* v. *Daniells*, 11 N. H. 274; *Glass* v. *Ellison*, 9 N. H. 169; *Smith* v. *Smith*, 15 N. H. 55; *Weeks* v. *Eaton*, 15 N. H. 145.

These authorities also clearly show that when there is an assignment of the debt, there is, *ipso facto*, an assignment of the mortgage, and an assignment of the mortgage, either by deed or otherwise, without an assignment of the debt, passes nothing to the assignee.

2. The right that Goddard had secured to him and his wife by this mortgage was personal, and could not be assigned by Goddard. It is a right that must be owned by him, and he must take the benefit of it as agreed, and in no other way. The relation created by the condition in the mortgage between the parties to it cannot be changed by any agreement made by either party with a third person, without the consent of the other party. *Flanders* v. *Lamphear*, 9 N. H. 201; *Aldrich* v. *Brooks*, 25

N. H. 241; *Clinton* v. *Fly*, 10 Me. 292; *Briggs* v. *Beach*, 18 Vt. 115; *Beach* v. *Smith*, 12 N. H. 437; *Marston* v. *Carter*, 12 N. H. 159; *Clement* v. *Clement*, 8 N. H. 472; *Bunker* v. *Cobb*, 36 N. H. 344; *Eastman* v. *Bachelder*, 36 N. H. 141.

*C. R. Morrison*, for the plaintiffs.

By the express terms of the deed, Annis had an assignable interest, since performance was to be by him or his assigns.

The question is, whether Goddard, after a breach of the condition, had an assignable interest. We say he had such assignable interest, whether the instrument did or did not constitute a mortgage. 1. If it was a mortgage, after a breach his claim on account of the breach was to a compensation in money, as damages for the non-performance. It is a necessary incident to a mortgage, whether the condition is for the payment of money, or the performance of some other act, that non-performance, until a foreclosure, is to be compensated in money; and the instrument would not be a mortgage without it. And the same statute which provides that " every conveyance of lands made for the purpose of securing the payment of money, or the performance of any other thing in the condition thereof stated, is a mortgage, within the meaning of this act," also provides that " upon the performance of the acts stated in the condition of any mortgage, and the payment of all damages and costs arising by reason of the non-performance of such condition, such mortgage shall be void." Comp. Stat., ch. 137, secs. 1 and 4. This statute, as it seems to us, is entirely conclusive to show both that such an instrument as the one before the court is a mortgage, and that the effect of a breach is as above stated. If the result is to compel a party to receive money, when he was entitled to personal services, it is no more than happens in hundreds of cases of actions upon

contracts other than for the payment of money. The injustice would not be so great as to create a conditional estate liable to absolute forfeiture if the condition be not wholly and strictly kept, when the parties designed a mortgage subject to a redemption. And, aside from the statute, the decisions in this and other States show that such a conveyance is a mortgage, and subject to a redemption, as all mortgages are, and that upon the death of the mortgagee the estate goes to the administrator instead of the heirs. *Holmes* v. *Fisher,* 13 N. H. 9 ;· *Flanders* v. *Lamphear,* 9 N. H. 201 ; *Dearborn* v. *Dearborn,* 9 N. H. 117 ; *Hartshorn* v. *Hubbard,* 2 N. H. 453 ; *Austin* v. *Austin,* 9 Vt. 420·; 27 Maine, 242 ; 11 Met. 344 ; 1 Hill. on Mort. 84. *Eastman* v. *Bachelder,* 36 N. H. 147, holds that in such a case there must be a foreclosure ; and in *Center* v. *Center,* 38 N. H. 318, these questions were left undecided. We rely upon the statute.

If the effect of a breach was to entitle Goddard to be compensated in money, this right, upon familiar principles, might well be assigned, and would carry with it the pledge as an incident. *Ellison* v. *Daniells, Rigney* v. *Lovejoy,* and cases *passim.*

2. If the instrument did not constitute a mortgage, subject to be redeemed by the payment of money, then the estate was forfeited by the breach, and Goddard could convey as having the whole title, and his assignment, which was under seal, is sufficient for that purpose. *Hutchins* v. *Carlton,* 19 N. H. 487, is directly in point. The suit is brought to compel an application of the property of Goddard to the support of himself and wife, as justice requires, and as the parties stipulated. The technical objections to a recovery by the assignee cannot prevail.

*Bellows & Farr,* on the same side.

1. In *Danbury* v. *Noble,* 8 Gr. 278, the court say, "Where

land is conveyed in mortgage, and no separate obligation is given for payment of the money, a deed of quitclaim and release of the land from the mortgagee, is sufficient to assign the mortgage, and all his rights and interests under it." In *Gould* v. *Newman*, 6 Mass. 239, the court held that the action must be brought in the name of the assignee, and not in the name of the original mortgagee. So in *Rigney* v. *Lovejoy*, 13 N. H. 247, before cited.

2. The instrument does not constitute a mortgage, subject to be redeemed by the payment of money, but the whole estate was forfeited by the breach, as in this case. *Eastman* v. *Bachelder*, 36 N. H. 147 ; *Henry* v. *Tupper*, 29 Vt. 358 ; *Duncklee* v. *Adams*, 20 Vt. 415, and cases there cited.

BELL, C. J. It is not every conveyance of land upon a condition which is in equity regarded as a mortgage. Early definitions of mortgages are found, where no other conditional conveyances are regarded as mortgages, but such as are made for the security of a loan of money. At another date we find the equitable doctrines as to mortgages extended to all cases where the conveyance is a security for any debt; and the most modern notion is to apply the same doctrines to cases generally, where conditional deeds are made as a security for the performance of a contract.

But upon consideration it will be seen that this principle, though generally true, can have no application to any other contracts than such as by their non-performance create a debt, or a demand in nature of a debt, against the delinquent party. Wherever the condition, when broken, gives rise to no claim for damages whatever, or to a claim for unliquidated damages, the deed is not to be regarded as a mortgage in equity, but as a conditional deed at common law. It has the incidents of a mortgage only to a limited extent, and the party, if relieved by a court of

Bethlehem *v.* Annis.

equity from the forfeiture resulting from the non-perform-
ance of the condition, will not be relieved as in cases of a
mortgage. It is not, however, intended to say that the
same principle of justice which has led courts of equity to
establish the system of relief from forfeitures in the case
of mortgages, will not entitle a party to analogous relief
in cases where the design of the parties is to make a con-
veyance by way of security. The holder of a mortgage
has been in equity regarded as a trustee, holding the prop-
erty for his own security first; but any residue remain-
ing after such security is obtained, for the benefit of the
grantor; and in a case of that kind no reasonable doubt
can be entertained that the powers of courts of equity are
ample to afford suitable relief. Such relief must be adapt-
ed to the nature of each case, and must be as various as
the differing character of the contracts in question. The
system of rules, adapted to do justice between debtor and
creditor, may furnish analogies as to the modes of afford-
ing relief, but they are not likely to be suitable where the
relations of the parties are different.

The relief afforded by courts of equity in cases of pen-
alties may illustrate the general powers of such courts in
analogous cases.

The definition of a mortgage, as given in our Revised
Statutes (ch. 131, sec. 1), is much broader than any other
found in the books of law or equity. "Every convey-
ance of lands, made for the purpose of securing the pay-
ment of money, or the performance of any other thing in
the condition thereof stated, is a mortgage within the
meaning of this act." This definition was adopted orig-
inally at a period when the equitable powers of the court
had been long settled, but the general jurisdiction of the
court as a court of equity was extremely limited. The
design of the legislature apparently was to extend the
remedies in equity by allowing the same relief in many
other cases having some resemblance to mortgages in

equity which was afforded in the common case of mortgages. The act was remedial, and entitled to a liberal construction at the time, but is not now equally important. Since the courts have been invested with a broad jurisdiction in equity, there is less motive for extending the construction of this statute to cases not clearly within it.

Notwithstanding the sweeping character of the language used, "for the purpose of securing the payment of money, or the performance of any other thing in the condition thereof stated," we think it clear that there must be many contracts, the performance of which may be secured by a conveyance of land, which have such peculiarities that the provisions of the law relative to mortgages can have but a very partial, if any application to them. Among these classes, that which becomes material in this case is probably the most considerable, namely, the class of contracts for personal services; those in which one of the parties agrees that he will, in his own person, render certain services to another. In such cases, from the nature of the contract secured, the rights of one or both the parties do not admit of assignment, and the mortgage, which is but an incident to the debt, and cannot be transferred except in connection with it, is necessarily unassignable. Strong cases may illustrate the nature of contracts of this class. It was once, it would seem from the books, no unusual thing for a party to stipulate with counsel to afford them legal advice, and to make them securities *pro consilio impendendo*. It is said such contracts were usual with medical men for their services by the year. In some of our towns instances may be found of such contracts for the medical treatment of the poor at this day. Clergymen are employed by the year; shipmasters, engineers, and other persons of skill, are employed in the same way. The lawyer, doctor or minister, the shipmaster or engineer, is not bound to render his service to any one to whom his contract may be assigned; neither is the other

contracting party bound to accept the services of any person who may obtain an assignment of the contract. Such an assignment, unless made with the assent of the other party, conveys no interest.

In cases where a conveyance is made as a security for the performance of a contract of this class, the mortgage is unassignable, because the contract cannot be assigned. The deed may, under our statute, be regarded as a mortgage between the immediate parties to it, to some extent. It cannot be regarded as a mortgage as to parties claiming as assignees; and probably it must be found that it is only within narrow limits that such a conveyance can be deemed a mortgage, even between the original. and immediate parties.

The cases of contracts for support are to be regarded as falling within that class of personal contracts which are not by law assignable, unless the terms of the contract are such as to lead to a different conclusion.

The principles thus stated are distinctly recognized in the case of *Flanders* v. *Lamphear*, 9 N. H. 201, where *Parker*, C. J., says : " But the language of the condition, and the relationship of the parties to the deed, indicate clearly that there was a personal trust reposed in the mortgagor, and a personal obligation assumed by him, which he cannot assign over to third persons, substituting them in his place." · This is the case of a son executing a deed, by the condition of which he was to provide for his honored parents in sickness and in health, during their natural lives ; and the concluding clause is, that if the said Flanders, by himself, by his heirs, administrators, or executors, shall provide, &c. The language seems to be selected with a particular view of securing the performance by himself, so long as he might fulfil it, and after that time by his heirs, or personal representatives. And it was held, that if the mortgagor has attempted to transfer this duty to a third person, and no longer superintends at least

the due fulfillment of it, unless it has been done by the assent of the demandants, there has been a breach of the condition, which will entitle them to judgment.

In the case of *Eastman* v. *Bachelder*, 36 N. H. 141, the case of *Flanders* v. *Lamphear* was cited and approved; and *Eastman*, J., states, with great clearness, the legal principles applicable to cases of this class. Bachelder gave a deed of his real estate to Tasker, his son-in-law, upon the consideration and the condition that he and his wife should be supported on the premises during their lives, by Tasker, his heirs, executors and administrators; the object being, no doubt, to have their daughter and her husband reside with and take care of them in their old age. The contract was personal, and did not extend to the assigns of Tasker. It was on record, so that purchasers and creditors were advised of its nature. Tasker could not, therefore, transfer the premises and his responsibilities, nor could his creditors before his decease have deprived him of the land, and retained it against Bachelder. They, as well as his grantees, must take the land subject to the condition of the deed to Bachelder, and, on any failure by Tasker to perform that condition, their interest would cease. The condition, personal to Tasker and his representatives, could not be performed by his assignees, except by Bachelder's consent. The bill in equity to redeem the property, as in case of a mortgage, was brought by the complainant, as purchaser of the right of Tasker, at a sale of his estate by his administrator, by license of the court of probate. It was held that nothing passed by the deed of the administrator, and the bill could not be maintained.

A doubt was intimated whether, in case Tasker or his administrator had failed to perform the condition, they could have been relieved of the forfeiture by the payment of a just indemnity; but nothing was decided on that point, because that question was not necessarily involved in the case between those parties. It does not occur to

us that such relief might not be afforded upon the ordinary principles on which parties are relieved from other penalties.

The question raised in this case is the other side of that raised in *Eastman* v. *Bachelder.* There the suit was brought by the assignee of the mortgagor's interest. Here it is brought by the assignee of the mortgagee. The nature of the condition in both cases is the same. The language differs. In the cases cited, the conditions were without the word *assigns*, and it was inferred from that that the condition was designed to be exclusively personal. Here the word is used, "if the said Amos Annis, his heirs and assigns, shall well and sufficiently support," &c. From this word it is argued that the contract was not designed to be of a personal nature. So it no where appears in the case that there was any personal relation existing between the parties which might indicate a personal contract; but we think that is a point to be determined rather by the nature of the contract than the mere terms, though these may aid in forming a conclusion. We think this contract is in its nature personal, like the others, and to be governed by the same rules.

The suit is by the town of Bethlehem against the mortgagor; a writ of entry founded on the claim that the condition of the deed is broken. If the condition of the deed was broken before the assignment to the plaintiffs, and the grantee in the deed had regularly entered for the breach, and revested the title in himself, it would seem that the deed to the plaintiffs would be sufficient to convey to them the title to the property, and that they might well maintain this action. But the case furnishes no evidence on the subject of any breach, and it contains nothing relative to any entry for condition broken. It would be perhaps fit that the case should be sent to a trial by jury, if the plaintiffs propose to prove those two facts; otherwise a nonsuit should be entered.

The right to enter for condition broken, and much more the right of entry in case a condition should be broken at a future time, is not an assignable interest. Regarded as a mortgage, the plaintiffs have obtained by their assignment no available interest. They have no debt—they can have no debt of the character set up in the assignment.