GARDNER T. SWARTS *vs.* NARRAGANSETT ELECTRIC LIGHTING
COMPANY.

PROVIDENCE—OCTOBER 18, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1)    *Contracts.   Whether Assignable or Not.*

Although a contract may be in terms between the parties, "their executors,
administrators, and *assigns*," the term "assigns" is not controlling where
the body of the contract shows that it is of a personal nature and not assign-
able.

COVENANT.   Heard on motion to re-argue demurrer to pleas,
decided in 26 R. I. 388.   Motion denied.

(1)    STINESS, C. J.   The plaintiff moves for a re-argument upon
his demurrers to the defendant's pleas, claiming that the court
erred in holding that the contract in question was not assign-
able, because the contract was between the parties "and their
respective executors, administrators, successors, and assigns."

The court did not overlook these words, but it did not refer
to them because it regarded them as general terms describing
the parties who might enforce the contract, and not intended
to control the body of the contract in the matter of assignment
if its terms showed that it was of a personal nature and not
assignable.   In this respect the court followed the points
taken in the briefs, and neither side made any claim upon the
use of the word "assigns" in the contract.   It did not occur
to the court to discuss a question which the plaintiff had not
raised.   Sometimes it is necessary to do so, but it did not seem
to be necessary to consider a ground of demurrer which the
plaintiff did not take, and which apparently could not affect
the decision.

We did not, and do not now, consider that the use of the
word "assigns" was significant of the intention of the parties
or the construction of the contract.   The words may have
force without reference to the construction as between
the original parties.   Money earned under a contract for per-

sonal service, or an executed contract, can be assigned and the amount due recovered under the promise of the agreement; but that is a very different matter from an assignment of an executory contract as a whole. The mere use of a word descriptive of a person who may take an interest in the contract, under certain circumstances, does not control the construction of the contract itself. For example, if the words, "executors and administrators" were in a contract to paint a picture, it would not be contended that the executor of the artist could paint it. With equal reason the mere use of the word assigns does not make a contract assignable, when the contract calls for personal service.

*Arkansas* v. *Belden*, 127 U. S. 379, adopts the criterion stated in *Devlin* v. *Mayor*, 63 N. Y. 8, that whatever contracts are binding upon the executors or administrators may be assigned, while those that die with the person can not be assigned. This is the principle which controls the case at bar. See also *Shultz* v. *Johnson*, 5 B. Mon. 497.

In *Horst* v. *Roehm*, 84 Fed. Rep. 565, relied on by the plaintiff, the court held that a sale of hops did not imply a contract of personal confidence.

There is no ground for a re-argument upon the first point of the motion.

The second ground of the motion is that the court erred in holding that the contract of November 8, 1901, amounted to a release of claims under the prior contract.

The plaintiff admits that the words " all rights of the parties . . . . shall cease and terminate," taken by themselves, are broad enough to include rights of action; but they claim that these words are limited by the words " in consequence of the notice heretofore given."

The last contract provides that, in consequence of the notice heretofore given, the former contract " is abrogated and terminated, and that all the rights of the parties in and under said contract to each other cease and terminate on said first day of November, A. D. 1901."

The plaintiff argues that a notice given in July could not operate to abrogate rights under the contract which was not

to terminate until three months after.  We have not held that it did.  We held that by the new contract, all rights of the parties under the former contract should cease and determine; as stated above, they were thereby released.  We are unable to see that the words "in consequence of the notice heretofore given," used as a recital of the cause for terminating the former contract, in any way affect or limit the clause terminating all rights under the former contract.

Motion for re-argument denied.

*Van Slyck & Mumford,* for plaintiff.
*Edward D. Bassett,* for defendant.