[L. A. No. 1994. Department Two.—May 5, 1908.]

## S. V. MONTGOMERY, Respondent, v. SUSANA O. DE PICOT and CHARLES PICOT, Appellants.

SPECIFIC PERFORMANCE BY ASSIGNEE—PERSONAL NOTE OF ASSIGNOR—MORTGAGE SECURITY — SUFFICIENCY OF TENDER. — Notwithstanding the use of the word "assignee" in a contract for the sale of real estate, if the contract calls for the mere personal note of the assignor, after payment of cash required, a specific performance cannot be enforced by the assignee without the tender of such personal note, unless the assignment has been expressly assented to by the other party to the contract; but where the contract calls for mortgage security, after such cash payment, and such security is the principal thing relied upon, the assignee may tender the cash payment and his own note and mortgage, and enforce specific performance, where the other party merely refused the tender, without specifically objecting that the personal note of the assignor was not also tendered.

ID.—ESTOPPEL TO OBJECT TO TENDER.—Under section 2076 of the Code of Civil Procedure, the defendants in the action for specific performance were estopped from asserting any objection to the tender of cash and mortgage security, which they did not make and which they could or should have made at the time it was offered, and which might have been obviated, if made; and they are precluded from asserting such objection at the trial, or upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Denis & Loewenthal, for Appellants.

W. R. Hervey, for Respondent.

LORIGAN, J.—This is an action for specific performance of a contract for the sale of real estate.

The contract which was the basis of the action related to a purchase by W. G. Bradshaw of a tract of land in Los Angeles County owned by defendants and was executed by defendants and said Bradshaw on November 25, 1904, the defendants being designated therein as the parties of the first part and Bradshaw as party of the second part.

The portions of the contract material for consideration on this appeal are as follows: "That in consideration of the payment to them by the party of the second part of the sum of $1,500.00, receipt whereof is hereby acknowledged, the said parties of the first part hereby agree to sell and convey . . . unto the said party of the second part, his heirs, executors and assigns, all that certain real property situated in the county of Los Angeles, state of California, described as follows, to wit: . . . upon the following terms and conditions: For the total price of $45,000.00, $1,500.00 of which has been paid by the party of the second part as above recited, $10,000.00 to be paid by the said party of the second part, or his heirs, executors or assigns, on or before May 31st, 1905, . . . and the remainder of the said purchase price, to wit: the sum of $33,500.00 on or before May 31, 1910, the said last mentioned sum to bear interest at the rate of 9 per cent. per annum, interest to be paid quarterly. And the said last deferred payment, to wit: the sum of $33,500.00 to be evidenced by a promissory note dated June 1st, 1905, bearing interest at the rate aforesaid, to wit: 9 per cent. per annum until paid, payable on or before May 31st, 1910, secured by a mortgage upon the above described property . . . deed of said property to be delivered by the first parties to the second or assigns concurrently with the said second payment of $10,000.00."

Subsequent to the execution of this contract Bradshaw assigned nine tenths of his interest therein to divers other parties, who, with himself, thereafter assigned the same to plaintiff. It is conceded that the plaintiff was a stenographer in the office of Mr. Hervey, an attorney at law, who in the transactions relative to said contract represented Bradshaw, his assignees, and plaintiff, and that the assignment to plaintiff of said contract was for the convenience of Bradshaw and

his assignees, and that plaintiff claimed no ownership or beneficial interest under the assignment, and was not financially responsible.

Some time before the date fixed in the contract therefor, Mr. Hervey, in the interest of the plaintiff and her assignors and accompanied by the latter, went to the residence of defendants and there tendered the personal note of plaintiff, secured by a mortgage on the land, conditioned as and for the amount provided in the contract, and likewise tendered defendants at the same time the ten thousand dollars in coin which the contract provided should be paid. The defendants refused to accept either the note or the mortgage or the money tendered.

Thereafter, this action was commenced by plaintiff against the defendants to obtain a decree of specific performance. A demurrer to the complaint—general and special—was interposed by the defendants and overruled. They answered, and after trial, judgment was entered in favor of plaintiff for the relief prayed for.

The defendants appeal from the judgment and from an order denying their motion for a different judgment made under sections 663 and 663½ of the Code of Civil Procedure, and also from an order denying their motion for a new trial.

It is insisted by appellants that their demurrer to the complaint should have been sustained on the ground that the facts alleged showed that the plaintiff was not entitled to the relief prayed for. In other words, that the complaint does not show that the plaintiff offered to observe or comply with the terms of the contract upon which suit is brought. In support of this contention it is claimed that the contract did not provide that the note of plaintiff should be given in satisfaction of it as tendered; that the contract provided and meant that the note of Bradshaw and no other person should be given; that it called for the personal obligation and liability of Bradshaw himself and that his assignee could not substitute her personal liability for that of Bradshaw and compel specific performance upon tender of her own note.

It is undoubtedly true that where a contract for the sale of land calls for the delivery of notes on the part of the vendee for deferred payments of the purchase price, the personal liability of the latter enters as a controlling element into the

contract and the offer or tender of notes of an assignee of the original vendee does not satisfy the terms of the contract nor warrant such assignee in asserting a right of specific performance based upon such a tender. As said in *Arkansas Valley Smelting Co.* v. *Belden Mining Co.,* 127 U. S. 379, [8 Sup. Ct. 1308], "Every one has a right to select and determine with whom he will contract and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman 'you have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.'" And, as declared in our code, the burden of an obligation may not be transferred without the consent of the party entitled to the benefit. (Civ. Code, sec. 1457.)

Whether a given contract is assignable or not is a question of construction. Now, as to the contract at bar. The reading of it discloses that by its terms it was assignable. It provides for a conveyance by defendants of the property to "said party of the second part (Bradshaw), his heirs, executors and assigns" upon the fulfillment of certain conditions by Bradshaw or his "heirs, executors or assigns." These, however, are general provisions of the contract and are not conclusive upon the subject of assignability. The use of such language in a contract is not in every case absolutely determinative of its character. (*Swarts* v. *Electric Light Co.,* 26 R. I. 436, [59 Atl. 111].) Notwithstanding its use the intention of the parties must be gathered from a consideration of the terms and entire tenor of the contract and if upon such consideration it appears that the contract calls for the performance of an obligation purely personal in its nature, the rule in general is that the obligation, if personal, cannot be assigned without the consent of the party to be benefited. (*Bethlehem* v. *Annis,* 40 N. H. 34, [77 Am. Dec. 700]; *Ice Co.* v. *Potter,* 123 Mass. 28, [25 Am. Rep. 9]; *Arkansas etc. Co.* v. *Belden Mining Co.,* 127 U. S. 379, [8 Sup. Ct. 1308].)

In *Rice* v. *Gibbs,* 33 Neb. 460, [50 N. W. 436], an optional contract for the sale of land was involved wherein it was provided that the covenants and agreements should extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties. The contract provided for a deed to be made by the vendor on the payment of a cer-

tain specified amount in money, other payments to be made within one and two years after the making of the deed, such deferred payments to bear interest. An assignee of the original vendee tendered the money in due time and notes for the deferred payments but not made by the original vendee. It was held that notwithstanding the language of the contract, an assignee financially irresponsible, could not substitute his own personal liability for that of the original vendee; that in a contract of sale where payment of a portion of the purchase price is deferred and there is no provision for securing such payment, it is a necessary inference that the character and solvency of the vendee was an inducement of the contract; and the contract cannot be assigned so as to permit the assignee to enforce it and compel the vendor to substitute the obligation of any other person than the one with whom the contract was made. In that case, however, the notes for the deferred payments were not to be secured by any lien or mortgage upon the property to be conveyed. The contract did not so provide. The vendors obligated themselves to an absolute disposition of the property on the execution simply of promissory notes for the deferred payments and obviously the financial responsibility of the original vendee must have entered as a controlling inducement to the contract. In this very essential respect that case differs from the case at bar. In the contract here, notwithstanding the provisions for assignability, if it appeared from a consideration of the whole contract that the personal financial responsibility of Bradshaw was a distinctive feature of it and appeared to be the material inducement to the contract, then under the general rule it would not be assignable without the consent of the vendors and the assignee would have no right to enforce it. But it seems quite plain from an examination of the contract that the personal financial responsibility of Bradshaw was not a material inducement for its execution. What was really relied upon was a mortgage upon the property for the unpaid portion of the purchase price and "a promissory note" evidencing this indebtedness was to be given. It is a matter of general knowledge that upon sales of real estate a mortgage back for a portion of the purchase price is one of the most common methods of dealing in such transactions. The mortgage is the main thing relied on when a substantial prior payment, as

in this case, is made on the purchase price, the financial responsibility of the vendee on the note itself evidencing the debt for the balance, is a matter of very little importance to the vendor. And in contracts for the sale of real property which in terms run in favor of assignees and which provide for a promissory note and mortgage to secure the balance of the purchase price, the general construction will be that the promissory note is a mere incident to the transaction and that the principal thing relied on is the mortgage. It is a very easy matter when reliance is intended to be placed on the financial responsibility of the original vendee to specify in the contract that in addition to the mortgage his personal obligation shall be given. When this is not done and a mortgage to secure "a promissory note" is alone called for, as in the contract here, such provision will be construed as making the giving of a mortgage, not the giving of a note, the material inducement to the contract; that under such circumstances the obligation is not personal and may be assigned and specific performance on proper tender had at the suit of the assignee.

Aside from this, however, it appears from the record that the defendants are estopped from questioning the sufficiency of the tender made by plaintiff. The evidence in that regard is that the agents and attorney of plaintiff within the time limited in the option—in fact fully eight days before it would have expired—made a tender at the residence of defendants some miles outside of the city of Los Angeles, in which they complied in all respects with the conditions of the contract save that the note tendered was that of the plaintiff and not of Bradshaw. They not only made an actual tender but delivered also to defendants a written offer, notice, and demand covering the terms of the contract. When the actual tender was being made defendants said they did not want the money and did not want to hear the papers read—the note, mortgage, and deed—but at last consented to have the matter explained to them. The upshot of the effort on the part of plaintiff to have the defendants accept the tender was that they flatly refused to accept anything or to do anything in the matter. After refusing to do so they requested Mr. Hervey, representing plaintiff, to take the papers to Mr. Denis, who was their attorney. On the following day Mr. Hervey

left the papers with the latter. Subsequently and during the eight days prior to the date limiting the exercise of the option no word was heard concerning the matter from either appellants or their attorney. When the tender was made to the defendants at their residence, no objection to it was made on account of any non-compliance with the terms of the contract; it was not claimed or intimated that the promissory note should have been signed by Bradshaw or that the defendants were entitled to or wanted Bradshaw's note, or that they refused the tender because the note offered was that of plaintiff and not Bradshaw. They simply refused to accept the note or mortgage or make the deed without assigning any other reason than that they did not want the money and would not do so.

It is provided that "The person to whom a tender is made must at the time specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires or be precluded from objecting afterwards." (Code Civ. Proc., sec. 2076.) This section is applicable to the facts recited, and defendants were estopped from asserting any objection to the tender which they could or should have made at the time it was offered. Had the objection now urged been asserted then and the tender refused on that ground it might have been possible for the plaintiff to have obtained a tender of the note of Bradshaw. There was ample time after the tender and before the option expired to have done so. It appears too as a certainty from the record that she could have done so had it been objected that she did not. No objection having been made on that score when it should have been made, the defendants were precluded from asserting it upon the trial or from insisting upon it now.

No other points urged for a reversal are in our judgment tenable.

The judgment and orders appealed from are affirmed.

Henshaw, J., and McFarland, J., concurred.

A hearing in Bank was denied on June 4, 1908, when the following opinion was rendered.

THE COURT.—The petition for rehearing is denied, but in disposing of it it may be said that the offer of the note of an insolvent person, made with design to escape personal responsibility, would perhaps make the contract unfair to the extent that equity would not enforce it. But this objection was fully removed by the tender of the note of Bradshaw, the original vendee, which was made at the trial, and the defendant having then refused to accept the same, the court below was fully justified in rendering the decree for performance upon making of the cash payment and giving the note of the plaintiff.