## LANHAM *et al.* v. McKEEL.

No. 3964.   Opinion Filed May 4, 1915.

(148 Pac. 844.)

1.  **INDIANS—Surplus Lands—Validity of Conveyance—Removal of Restrictions.** On March 13, 1908, the United States Indian agent made an order removing the restrictions on alienation of the surplus lands of a Choctaw Indian of three-fourths blood, which said order was duly approved by the Secretary of the Interior on March 26, 1908, "to be effective 30 days from date." On April 25, 1908, she made, executed, and delivered a warranty deed to said lands. **Held,** that her title to said lands was thereby conveyed, following **Baker v. Hammett et al.,** 23 Okla. 480, 100 Pac. 1114.

2.  **SAME—Computation of Time—"From."** The word "from," in its literal and restricted sense, generally means exclusive; but it may be used in a connection that means inclusive, and where, as here, the allottee could have alienated her allotment on March 26, 1908, after approval by the Secretary, but for the 30-day limitation imposed by the approval of the Secretary, that day will be included within the 30 days.

(Syllabus by the Court.)

*Error from District Court, Marshall County;*
*A. H. Ferguson, Judge.*

Action by Perry G. Lanham, as administrator of the estate of Mary J. Lanham, deceased, and others, against J. F. McKeel. Judgment for defendant, and plaintiffs bring error. Affirmed on rehearing.

*Geo. E. Rider* and *E. S. Hurt,* for plaintiffs in error.

*C. H. Ennis, J. E. Webb,* and *J. F. McKeel,* for defendant in error.

TURNER, J.   On October 13, 1910, in the district court of Marshall county, Perry G. Lanham, as administrator of the estate of Mary J. Lanham, deceased, and his six minor children, by himself as their guardian, plaintiffs in error, sued J. F. McKeel, defendant in error, in ejectment for the surplus allotment of Mary J. Lanham, the mother of the minors, and for $250 damages for its un-

lawful detention.  For answer, after admitting the land. to be the surplus allotment of Mary J. Lanham, the mother of the minors, as stated, defendant pleaded that on March 13, 1908, Dana H. Kelsey, the United States Indian agent, made an order removing the restrictions on the alienation of the land in question, which order was duly approved by the Secretary of the Interior on March 26, 1908, to be effective 30 days from date.  He .alleged that thereafter, to-wit, on April 25, 1908, when said order was in full force and effect, said Mary J. Lanham sold and conveyed said land by warranty deed to one Ennis, from whom he deraigned title, in virtue of all of which he says plaintiffs are not entitled to recover.  After a general demurrer thereto, filed and overruled, plaintiffs replied by a general denial, and alleged that the deed from Mary J. Lanham to said Ennis was a forgery.  After one continuance had at the request of plaintiffs, they, on November, 16, 1911, made another application to continue the cause, which was overruled.  There was trial to a jury, and judgment for defendant, and plaintiffs bring the case here.  Both sides concede that the mother was a three-fourths blood Choctaw Indian and that the land in controversy was inalienable because of the act of Congress approved April 2, 1904, unless the restrictions upon its alienation were removed by order of the Secretary of the Interior.  As we see no reason to disturb the finding of the jury that the deed from Mary J. Lanham to Ennis of date April 25, 1908, was not a forgery, the order removing restrictions upon the alienation of the land described therein being approved March 26, 1908, "to be effective 30 days from date," was the deed effective to pass title? It was, for the reason that, inclusive of the day of the approval of the order removing restrictions, 30 days had expired at the time the deed was executed; and such day should be included in computing the 30-day period during. which the order of removal was not effective.  Such was,

in effect, our holding in *Baker v. Hammett et al.*, 23 Okla. 480, 100 Pac. 1114, following *Taylor v. Brown*, 147 U. S. 640, 13 Sup. Ct. 549, 37 L. Ed. 313. Speaking to that case, this court said:

"The theory upon which the Supreme Court of the United States held that the day of the date that the patent was issued should be included seems to be that, except for the limitation taking effect at the same moment with the delivery of the patent, the patentee could have alienated the land on receipt of patent."

And so we say that, as the allottee in this case could have alienated her allotment on March 26, 1908, after approval, of the secretary, the case falls squarely within the reason of the rule announced in those cases.

It follows that the judgment of the trial court was right, and, finding no error in the record, the same is affirmed.

All the Justices concur.