## DEERE v. NEUMEYER *et al.*

No. 5062.    Opinion Filed January 4, 1916.

(154 Pac. 350.)

1.   **INDIANS—Indian Lands—Removal of Restrictions—Order of Secretary.** An order of the Secretary of the Interior removing the restrictions upon the alienation of Indian lands, which order provides that same shall not become effective until 30 days after date, does not have the effect of removing restrictions until the 30 days have expired.

2. 'SAME—Surplus Allotment—Suspension of Order—Operation of Statute. Where the Secretary of the Interior made such order as to surplus allotment of a full-blood Creek Indian on April 21, 1906, same had not taken effect on April 26, 1906, and the act of Congress of the latter date, extending restrictions upon the alienation of the allotments of full-blood Indians for a period of 25 years, superseded the order of the Secretary of the Interior, and such order was indefinitely suspended and never took effect.

3. SAME—Alienation of Allotment—Validity. A deed made on July 31, 1906, by a full-blood Creek Indian after the Secretary of the Interior had made an order on April 21, 1906. is absolutely void because of the act of Congress of April 26, 1906; and a subsequent deed executed by the Indian's vendee, as well as a mortgage taken by such vendee to secure a part of the purchase price of the land, are also void.

(Syllabus by Hatchett, C.)

*Error from District Court, McIntosh County;*
*R. C. Allen, Judge.*

Action by Nancy Deere against Mary A. Neumeyer and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*J. B. Lucas* and *Britton H. Tabor,* for plaintiff in error.

*Claude A. Niles,* for defendants in error.

Opinion by HATCHETT, C. The plaintiff in error, Nancy Deere, *nee* James, brought this suit in the district court of McIntosh county against Mary A. Neumeyer, and Mary A. Neumeyer as executrix of the estate of John G. Neumeyer, deceased, and Frank Britton, for the recovery of 80 acres of land, the same being a portion of the surplus allotment of the plaintiff, and for the cancellation of a deed from the plaintiff to John G. Neumeyer, a deed from said Neumeyer to Britton, and a mortgage from Britton back to Neumeyer to secure the balance of the purchase price which remained unpaid,

and for rents on the land during the time it had been in the possession of the defendants.

The defendants in the trial court set up and relied upon a warranty deed executed by the plaintiff to John G. Neumeyer on July 31, 1906. A demurrer was sustained to the reply filed by the plaintiff, and by agreement the cause was submitted on the petition and the answer, and judgment was rendered thereon for the defendants.

It appears that the plaintiff is a full-blood Creek Indian; that the 80 acres of land sued for is a portion of her surplus allotment; that on the 21st day of April, 1906, the Secretary of the Interior made an order removing the restrictions on the surplus lands of the plaintiff, to become effective 30 days from that date. On April 26, 1906, Congress passed an act relative to the Indian Territory, in which is the following provision (section 19):

"That no full-blood Indian of the Choctaw, Chickasaw, Cherokee, Creek or Seminole Tribes shall have power to alienate, sell, dispose of, or incumber in any way, any of the lands allotted to him for a period of twenty-five years from and after the passage and approval of this act, unless such restrictions shall, prior to the expiration of said period, be removed by act of Congress." (34 Stat. 144, c. 1876.)

On July 31, 1906, the plaintiff, under the name of Nancy Robeson, joined by her husband, executed a warranty deed to the land sued for to John G. Neumeyer, for a purported consideration of $800. While the petition alleges that the plaintiff signed the deed under the belief that it was a lease, and had never received the consideration mentioned therein, still the principal ques-

tion, and the one which under our view disposes of this appeal, is whether the land in controversy was restricted at the time the plaintiff executed the deed on July 31, 1906.

That the provision in the order of the Secretary of the Interior that the same should not become effective until 30 days after its date (April 21, 1906) was valid is no longer an open question, as this court has heretofore decided that the secretary had the power to insert that provision in his order of removal, and that thereunder restrictions are not removed until the expiration of the 30 days. *Simmons v. Whittington*, 27 Okla. 356, 112 Pac. 1018; *Rogers v. Noel*, 34 Okla. 238, 124 Pac. 976; *Lanham et al. v. McKeel*, 47 Okla. 348, 148 Pac. 844.

It is conceded that prior to the order of the Secretary of the Interior the land in controversy was restricted, and the plaintiff could not sell the same. Under the above authorities the order of the Secretary of the Interior did not become effective until 30 days after its date. So that on April 26, 1906, when Congress passed the act placing additional restrictions upon the allotted lands of full bloods, the original restrictions had not been removed from this land. That Congress had the power to, and did by such act, extend the restrictions on the alienation of allotted Indian lands, was decided by the Supreme Court of the United States in the case of *Tiger v. Western Investment Co.*, 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738, and *Heckman et al. v. United States*, 224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820.

The act of April 26, 1906, says that no full blood of either of those tribes shall have power to dispose of any of the lands allotted to him for a period of 25 years.

Whether the act in question reimposed restrictions on the allotment of a full blood which was free therefrom on the date the act was passed, is not involved in this case and is not here decided. The language of the act includes all of the allotted lands of a full-blood member of the tribes named remaining in his hands and from which restrictions had not theretofore been removed; and we conclude that, the order of the Secretary of the Interior not having become effective when the act of Congress was passed, this was restricted land when said act took effect, and upon its taking effect on April 26, 1906, the order of the Secretary of .the Interior removing the restrictions upon the alienation of this land was superseded and indefinitely suspended, and never went into effect, and we conclude, therefore, that on July 31, 1906, when the plaintiff executed the deed to John G. Neumeyer, the land sued for was restricted, and the deed was absolutely void. It follows that the other instruments sought to be canceled are, as to the plaintiff, also void, and plaintiff is entitled to have same canceled and recover possession of the land sued for. While it is not binding on this court, and probably not even persuasive, yet there is satisfaction in knowing that the Interior Department arrived at the same conclusion on the question involved.

We therefore recommend that the judgment of the trial court be reversed, and the cause remanded for further proceedings in accord with this opinion.

By the Court: It is so ordered.