**NIXON et al. v. WOODCOCK.**

No. 7003—Opinion Filed June 12, 1917.

(166 Pac. 183.)

(Syllabus by the Court.)

1. **Indians—Indian Lands—Conveyances.**

A deed to the allotment of a Cherokee Indian by blood, executed November 2, 1907,

after the removal of restrictions against the alienation thereof, made in pursuance of a written agreement to convey said lands, entered into prior to the removal of restrictions, was void by reason of section 19, Act Cong. April 26, 1906, c. 1876, 34 Stat. 144.

## 2. Same—Allotments—Restrictions.

The Secretary of the Interior was authorized by Act of Cong. April 21, 1904, c. 1402, 33 Stat. 204, to provide by general rule that no order removing the restrictions upon the alienation of any allottee which by said act he was authorized to remove should become effective until 30 days after its date.

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by John H. Woodcock against J. Truman Nixon and others. There was a judgment for plaintiff, and defendants bring error. Reversed.

Haskell B. Talley, for plaintiffs in error.

Rice & Lyons, for defendant in error.

HARDY, J. This action was begun in the district court of Tulsa county by John H. Woodcock, defendant in error, to cancel and set aside certain deeds and leases upon the property in question, and to quiet his title thereto.

The lands involved were a portion of the allotment of one William Starr, a citizen by blood of the Cherokee Nation. On October 2, 1907, by approval of the Department of the Interior, the restrictions upon the alienation of said lands were removed; the order of removal to become effective 30 days from said date. Plaintiff was a practicing physician and surgeon, and had rendered professional services to said Starr of the value of $500, and at various times had advanced to him for his benefit sums of money in the aggregate amount of $200. On October 7, 1907, plaintiff and said Starr entered into a written agreement whereby said Starr, in consideration of the value of said services and moneys advanced, agreed to convey said premises to plaintiff as soon as the limit of time prescribed in the order of removal had expired. Thereafter on November 2, 1907, the day said order of removal became effective, at about 1 o'clock a. m. of said day, said plaintiff procured from said Starr a warranty deed conveying to him the lands in controversy, for which no consideration was passed other than the services and moneys theretofore advanced, which had formed the consideration for the agreement to execute said deed. On March 27, 1909, said William Starr by warranty deed conveyed said premises to J. Truman Nixon in consideration of the sum of $320. Nixon conveyed a one-half interest in the lands in controversy to one Cyrus S.

Avery and wife, who in turn conveyed said interest to F. D. Fouts, and it is these deeds which plaintiff asked to have set aside. Plaintiff's right to the relief prayed depends upon the validity of his deed executed on November 2, 1907. By section 19 of the act of April 26, 1906, c. 1876, 34 Stat. 144, it is provided that:

"Every deed executed before, or for the making of which a contract or agreement was entered into before the removal of restrictions, be and the same is hereby, declared void."

Under this provision, if plaintiff's deed was executed in pursuance of the written agreement therefor, executed on October 7, 1907, same would be void. Carter v. Prairie Oil & Gas Co., 58 Okla. 365, 160 Pac. 319. The trial court found that plaintiff's deed was not executed pursuant to agreement, and held that said deed was executed for an independent, valuable, and sufficient consideration, and we are asked to review this finding upon the evidence. This being a proceeding in equity, under the rule repeatedly announced by this court, we will weigh the evidence, and where the finding and decree is clearly against the weight thereof, this court will render such judgment as the trial court should have rendered. Schock v. Fish, 45 Okla. 12, 144 Pac. 584.

The deed upon which plaintiff relies was taken at 1 o'clock on the morning of November 2d, within one hour after the order removing restrictions became effective, and no consideration was passed at the time other than that which had previously entered into the contract to convey, and the consideration for the deed was the identical consideration mentioned in the agreement entered into on October 7th. The decisions in McKeever v. Carter, 53 Okla. 360, 157 Pac. 56, and that line of cases, are based upon deeds executed after the passage of the act of May 27, 1908, c. 199, 35 Stat. 313, which has been held to repeal the act of April 26, 1906. In the act of May 27, 1908, there is no provision rendering invalid deeds executed in pursuance of a previous agreement entered into before the removal of restrictions.

Defendant in error contends that the Secretary of the Interior has no power or authority to postpone the taking effect of the approval of the order of removal of restrictions, and that by reason thereof the order of removal in this case became effective on October 2, 1907, the date of the approval. In Simmons et al. v. Whittington, 27 Okla. 356, 112 Pac. 1018, which case is squarely in point with the case at bar, it was held that the act of Congress of April 21, 1904, c. 1402, 33

Stat. 204, authorizing the removal of restrictions upon the alienation of allotted lands of members of the Five Civilized Tribes, except minors and except as to homesteads, upon approval of the Secretary of the Interior under such rules and regulations as may be prescribed, authorizes the Secretary of the Interior to provide by general rule that no order removing the restrictions of any such allottee shall become effective until 30 days after its date; and a deed executed by an allottee after the date of the approval of the order removing restrictions upon the power of the allottee to alienate, but before the expiration of 30 days from the date of such order and approval, is void. We will not now depart from this holding. Lanham v. McKeel, 47 Okla. 348, 148 Pac. 844.

The evidence clearly establishes the fact that the deed upon which plaintiff relies was taken in pursuance of the previous written agreement to convey, entered into before restrictions were removed, and the finding of the court is clearly against the weight of the evidence, and will be set aside and the judgment reversed.

All the Justices concur, except KANE, J., absent.