## FOLSOM v. JONES et al.

No. 6918—Opinion Filed June 11, 1918.

(173 Pac. 649.)

(Syllabus.)

1. **Indians — Conveyance of Surplus Allotment—Validity—Statutes.**

A deed conveying, or a contract for the sale of, a portion of a surplus allotment, made by a Choctaw Indian by blood before the removal of restrictions upon his power to alienate same, in violation of Act Cong. June 28, 1898 (chapter 517, § 29, 30 U. S. St. at L. 507), and of Act Cong. July 1, 1902 (chapter 1362, §§ 15, 16, 32 St. at L. 642, 643), is void.

2. **Same.**

A deed to the surplus allotment of a fullblood Choctaw Indian, executed May 14, 1906, after the order of removal of restrictions against the alienation thereof, made in pursuance of a contract to convey such lands "as soon as the time arrives when they [the allottee and wife] can lawfully do so," entered into prior to the removal of restrictions, is void as to the grantee therein by reason of section 19 of the act of Congress of April 26, 1906 (chapter 1876, 34 Stat. at L. p. 144.)

3. **Same—Action to Recover—Petition.**

In an action brought by a full-blood Choctaw Indian to recover the possession of his surplus allotment attempted to be conveyed by him pursuant to an agreement made void by section 19 of the act of April 26, 1906 (34 Stat. at L. 144), the petition need not allege a tender or offer to return the consideration received on account of such invalid conveyance.

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by Noel Folsom against John A. Jones and the Jefferson Trust Company. Judgment for defendants on demurrer to plaintiff's petition and plaintiff brings error. Reversed and remanded.

H. J. Fowler, for plaintiff in error.

George S. Ramsey, Edgar A. De Meules, Malcolm E. Rosser, and Claude S. Arnold, for defendants in error.

SHARP, C. J. This case presents error from the district court of Le Flore county and involves the sufficiency of the petition of the plaintiff, in an action to recover the possession of lands allotted to him as a fullblood Choctaw Indian, and to quiet title. From the petition and the exhibits thereto made a part thereof it appears that the lands in question were allotted to the plaintiff, Folsom, as his surplus allotment of lands of the Choctaw and Chickasaw Nations of Indians, the patents to which were executed by the Principal Chief of the Choctaw Nation and the Governor of the Chickasaw Nation August 23, 1905, and September 26, 1905, respectively. On the 6th day of January, 1905, the plaintiff entered into a contract with the defendant Jones whereby he agreed to sell the latter 179.25 acres of land, more or less (being the lands in question), and in order to secure such agreement or understaking he and his wife executed to Jones their bond in the sum of $2,000 conditioned to be void in case the obligors therein "shall as soon as the time arrives when they can lawfully do so make, execute, and deliver to the said John A. Jones, obligee, a good and valid warranty deed with the usual covenants of title conveying said above-described lands to the said John A. Jones, in fee-simple, in which deed the said Sarah Folsom shall relinquish her dower in and to said land." Thereafter, and on March 26, 1906, Indian Agent Kelsey recommended the removal of the restrictions upon the alienation of the surplus allotment of said Noel Folsom, which recommendation was on April 13, 1906, approved by the Secretary of the Interior, the order of approval being made effective 30 days from date thereof. Afterwards, on the 14th day of May, 1906, following the order of removal of restrictions, Folsom and wife conveyed

the lands named and described in the bond to Jones, which deed was on the same day filed for record. Thereafter, according to the allegations of the petition, Jones executed two mortgages on the lands acquired by him from Folsom to the Jefferson Trust Company, one of the defendants, which mortgages, together with the deed of conveyance, plaintiff sought to have canceled by this suit. But two questions are necessary to a decision of the case: (1) The validity of the deed from Folsom to Jones; (2) the sufficiency of the petition because of its failure to tender the return of the consideration.

The first question is ruled by the following decisions of this court: Lewis et al. v. Clements, 21 Okla. 167, 95 Pac. 769; Simmons et al. v. Whittington, 27 Okla. 356, 112 Pac. 1018; Howard et al. v. Farrar, 28 Okla. 490, 114 Pac. 695; Rogers v. Noel et al., 34 Okla. 238, 124 Pac. 976; Collins Investment Co. v. Beard, 46 Okla. 310, 148 Pac. 846; Carter v. Prairie Oil & Gas Company, 58 Okla. 365, 160 Pac. 319; Nixon et al. v. Woodcock, 64 Okla. 86, 166 Pac. 183.

In the Atoka Treaty, authorizing the lands within the Indian Territory belonging to the Choctaw and Chickasaw Indians to be allotted to the members of said tribes, it was provided that all contracts looking to the sale or incumbrance in any way of the land of an allottee, except such as was therein provided for should be null and void. 30 Stat. at L. p. 507, § 29. The conveyance from Folsom to Jones does not come within the exception in the agreement. In the subsequent act of July 1, 1902, commonly known as the Supplemental Agreement with the Choctaw and Chickasaw Tribes of Indians (32 Stat. at L. 64), in section 15 thereof, it was provided that lands allotted to members and freedmen should not be affected or incumbered by any deed, debt or obligation of any character contracted prior to the time at which said lands may be alienated under the act, nor should such lands be sold except as therein provided. These provisions of the agreements with the Choctaw and Chickasaw Indians, under which the lands of these tribes were allotted, have been construed by this court in at least three of the foregoing opinions. Indeed, we had supposed the question that conveyances of allotted land made in contravention of the agreement or statute under which the same were allotted had been forever set at rest in view of the repeated holdings of this and other courts that such attempted conveyances were void. Such we held to be the case in Lewis et al. v.

Clements, supra; Simmons et al. v. Whittington, supra; Howard et al. v. Farrar, supra. Rogers v. Noel et al., supra., is particularly in point. There we said:

"He [the purchaser] and defendant Rhoda Howard were attempting to do that which the law says they shall not do, to wit, contract for conveyance of a part of an allotment of a Choctaw Indian before removal of restrictions. She could not give a valid deed at the time she contracted to convey; nor could she contract to do so, when the law in the future authorized her to convey. In order to circumvent the law and compel the allottee to do that which the law does not authorize or compel her to do, the notes were executed, and the agreement relative thereto was entered into for the purpose of binding Rhoda Howard and her sureties, to protect Thompson from loss in the event she did not carry out the illegal contract. It is a well-settled principle of law that the courts will not aid a party to enforce an agreement made in furtherance of objects forbidden by the statute, or by common law or general policy of the law, or to recover damages for its breach, or when the agreement has been executed in whole or in part by payment of money, to recover it back."

With full knowledge that the lands included in the contract were inalienable; Jones deliberately contracted for their purchase and attempted to bind Folsom and his wife by their bond to make conveyance thereof when the same became alienable. His counsel in this court in their brief admit that he (Jones) knew his contract was void. It was just such transactions that Congress had in mind when it passed the act of April 26, 1906 (34 Stat. at L. 137), wherein it declared in section 19 that every deed executed before or for the making of which a contract or agreement was entered into before the removal of restrictions was void. The purpose of the latter statute is sufficiently stated in Simmons et al. v. Whittington, supra, and has been recognized in Carter v. Prairie Oil & Gas Company, 58 Okla. 365, 160 Pac. 319, and Nixon et al. v. Woodcock, 64 Okla. 86, 166 Pac. 183, and perhaps other opinions of this court.

The arguments of counsel as to the evils that would attend our giving force to the statute and adhering to our former views requires little, if any, consideration. These provisions of the agreements and the act of Congress in aid thereof have been in force and generally known for a great many years. The repeated decisions of this court are a part of the established jurisprudence not only of the state, but of the federal courts as well.

The second proposition, that in order for plaintiff to recover he must pay or tender back the consideration received by him, is without merit. This question is authoritatively settled in Heckman et al. v. United States, 224 U. S. 413, 32 Sup. Ct. 424, 56 L. Ed. 820, where the argument of restoration was argued although under somewhat different circumstances. There the court said:

"Where, however, conveyance has been made in violation of the restrictions, it is plain that the return of the consideration cannot be regarded as an essential prerequisite to a decree of cancellation. Otherwise, if the Indian grantor had squandered the money, he would lose the land which Congress intended he should hold, and the very incompetence and thriftlessness which were the occasion of the measures for his protection would render them of no avail. The effectiveness of the acts of Congress is not thus to be destroyed."

It was further held that the restrictions upon alienation were to be found in the public laws and were matters of general knowledge. That those who dealt with the Indians contrary to such provisions were not entitled to insist that they should keep the land if the purchase price was not repaid, and thus frustrate the policy of the statute. Cases of this court bearing upon the question are Stevens v. Elliott et al., 30 Okla. 41, 118 Pac. 407; Gill et al. v. Haggerty, 32 Okla. 407, 122 Pac. 641; Coody v. Coody et al., 39 Okla. 719, 136 Pac. 754, L. R. A. 1915E, 465; Collins Investment Co. et al. v. Beard, 46 Okla. 310, 148 Pac. 846.

To hold that plaintiff cannot recover lands obtained from him in violation of the statute, without the repayment of the consideration paid, would mean to read into the statute a condition not contained therein, and in violation, we think, both of the spirit and letter of the statutes in pari materia. The petition is not therefore vulnerable to attack by general demurrer because of a failure to allege an offer to return or tender back of the consideration received by the plaintiff on account of the transaction complained of.

As to the rights of the mortgagee. Jefferson Trust Company, it is only necessary to say that the petition states a cause of action against it.

From what has been said it is obvious that the trial court erred in sustaining the defendants' demurrers to the plaintiff's petition.

The judgment is therefore reversed, and the cause remanded.

All the Justices concurring.