John ANDREAS, Plaintiff,

v.

Jane Doe HENDERSON et al.,
Defendants.

No. 20798.

United States District Court
S. D. California,
Central Division.
March 21, 1958.

Warren E. Slaughter, Palm Springs, Cal., Vaughan, Brandlin & Baggot, Los Angeles, Cal., for plaintiff.

Irl D. Brett, Albert G. Bergman, Los Angeles, Cal., and Jerome L. Richardson, Palm Springs, Cal., for defendants.

BYRNE, District Judge.

Andreas is an Indian and a member of the Agua Caliente band of Mission Indians commonly called the Palm Springs band. As plaintiff, he seeks to have declared void a deed by which he conveyed certain real property located in Palm Springs to the defendants Henderson and Upchurch.

Federal jurisdiction is invoked under 28 U.S.C. § 1331, upon the ground that the controversy arises under the General Allotment Act, 24 Stat. 388, 25 U.S.C.A. § 331 et seq., and the Mission Indian Act of January 12, 1891, 26 Stat. 712, amended by the Act of August 24, 1954, 68 Stat. 791.

The Mission Indian Act provides that certain reservation lands should be allotted to members of the tribe to be held in trust for a period, and on application of the Indian, to be conveyed to him in fee. Until a patent in fee is issued to the Indian, the land is held in trust by the Government and " * * * if any conveyance shall be made of the lands set apart and allotted * * * or any contract made touching the same" (be-fore the patent in fee is issued), "such conveyance or contract shall be absolutely null and void * * *". It is this quoted clause with which we are concerned.

On July 7, 1954, the United States of America executed and issued to Andreas a trust patent to the real property which is the subject of this litigation. On July 29, 1954, Andreas and defendants Henderson and Upchurch entered into a written escrow agreement at a Palm Springs bank, whereby plaintiff agreed to sell and the defendants agreed to buy the subject property for $20,000 payable $5,000 through escrow and the balance of $15,000 by promissory note secured by a first deed of trust on the property. Andreas executed a grant deed on August 2, 1954, and on August 5, 1954, deposited it in escrow. The trust deed by Henderson and Upchurch was signed and delivered to the escrow holder on September 17, 1954.

On December 14, 1954, the trust period expired and the United States of America executed and issued a fee simple patent. On December 15, 1954, Andreas, Henderson and Upchurch signed amended escrow instructions as follows:

"You are hereby authorized and instructed to record the grant deed in your escrow #3360 upon execution of these amended escrow instructions. You are instructed to continue to hold this escrow open until the fee patent is placed in escrow.

"You are further authorized and instructed to pay the sum of $500.00 from funds you hold in above escrow, to John Andreas, upon execution of these amended escrow instructions."

Thereafter the fee simple patent was deposited in escrow, the documents recorded, and the funds paid to Andreas.

The controlling questions in this case are: Was the conveyance made during the trust period; and if not, is a conveyance which is made after the trust period void because made in accordance

254

with a contract entered into during the trust period?

 While title to property placed in escrow does not, as a general rule, pass, at least until the conditions of the escrow have been filled, Holman v. Toten, 1942, 54 Cal.App.2d 309, 128 P.2d 808; Blumenthal v. Liebman, 1952, 109 Cal. App.2d 374, 240 P.2d 699; Todd v. Vestermark, 1956, 145 Cal.App.2d 374, 302 P.2d 347; 18 Cal.Jur.2d, S. 24, p. 340, the plaintiff contends that under the doctrine of "relation back" title should be deemed to have passed at the time of the deposit of the deed in escrow and thus title would have passed during the period when the restrictions on alienation still existed.

The doctrine of "relation back" has been used to avoid injustices involved in a strict application of the rule which provides that title to property placed in escrow does not pass until the conditions of the escrow are completed. Thus, under the "relation back" doctrine, the title is treated as relating back to and taking effect at the time of the deposit of the deed in escrow. 117 A.L.R. 69; 18 Cal. Jur.2d, S. 27, p. 347. This fiction of "relation back" has been employed in many California escrow situations. See McDonald v. Huff, 1888, 77 Cal. 279, 19 P. 499; Marr v. Rhodes, 1900, 131 Cal. 267, 63 P. 364; Hawi Mill & Plantation Co. v. Finn, 1927, 82 Cal.App. 255, 255 P. 543; Deming v. Smith, 1937, 19 Cal.App.2d 683, 66 P.2d 454. The use of the doctrine in these cases was for the purpose of giving effect to the intention of the parties and to avoid hardship. In the absence of such circumstances, the doctrine should not be applied. Vierneisal v. Rhode Island Ins. Co., 1946, 77 Cal.App. 2d 229, 175 P.2d 63.

 If the doctrine of "relation back" were applied here, we would have the anomalous situation of the court making a fictional finding that title passed at an earlier date for the purpose of holding that in fact no title passed at all because of the violation of the restrictions on alienation imposed by the Mission Indian Act. Nor is there any basis for invoking the doctrine on the theory of avoiding hardship. If the plaintiff prevails in this case he will retain both the land and the consideration he received for the sale of the land. See Heckman v. United States, 1911, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820; Oates v. Freeman, 1915, 57 Okl. 449, 157 P. 74. To employ the fictional doctrine in order to grant the plaintiff a windfall at the expense of the defendants would be to use it for a purpose contrary to that for which it is intended.

Andreas contends that a contract void because made during the trust period so taints a conveyance made in pursuance of such a contract that such conveyance is void, even though the conveyance itself was made after the fee patent was obtained by the grantor. Plaintiff relies on a line of Oklahoma decisions which hold that a conveyance made after the expiration of the trust period, pursuant to an agreement to convey made during the trust period, is void. Carter v. Prairie Oil & Gas Co., 1915, 58 Okl. 365, 160 P. 319, appeal dismissed in 1916, 244 U.S. 646, 37 S.Ct. 652, 61 L.Ed. 1369; Williams v. Diesel, 1917, 65 Okl. 163, 165 P. 187; Nixon v. Woodcock, 1917, 64 Okl. 86, 166 P. 183; Folsom v. Jones, 1918, 68 Okl. 233, 173 P. 649; Adams v. Hoskins, 1923, 96 Okl. 239, 221 P. 728; Kelley v. New State Land Co., 1925, 115 Okl. 170, 245 P. 988, certiorari denied in 273 U.S. 720, 47 S.Ct. 111, 71 L.Ed. 857. These decisions do not involve a construction of the General Allotment Act or the Mission Indian Act. They are based upon the wording of Section 19 of the Act of April 26, 1906, 34 Stat. 144, which was a special statute applicable only to certain named of the Five Civilized Tribes. Heckman v. United States, supra. That Act provided:

"Every deed executed before, or for the making of which a contract or agreement was entered into before the removal of restrictions, be and the same is hereby, declared void."

Thus, it can be seen that the cases on which plaintiff relies were compelled to the conclusions reached by the express wording of the statute involved. The Act of May 27, 1908, 35 Stat. 312 repealed the Act of April 26, 1906, and the Oklahoma decisions take cognizance of the elimination of the compelling language. See McKeever v. Carter, 1916, 53 Okl. 360, 157 P. 56.

Unlike the Act of April 26, 1906, 34 Stat. 144, the Mission Indian Act, which is the controlling statute in the instant case, does not provide that a conveyance made after the removal of restrictions, if made in pursuance of an agreement entered into before the removal of such restrictions, is void. Section 5 of the Mission Indian Act provides that "if any conveyance * * * or any contract" is made during the trust period, "such conveyance or contract shall be absolutely null and void". In both clauses the words "contract" and "conveyance" are expressed in the disjunctive. If Congress had intended to void a conveyance made after the removal of restrictions, if made in pursuance of a contract entered into before the removal of restrictions, it would have done so by the use of clear language as it did in the Act of April 26, 1906, 34 Stat. 144. Congress chose not to do so.

■ While it is true that the purpose of the restrictions on alienation imposed by the Indian acts is to protect the Indian from the greed of the white man and from his own improvidence, Starr v. Long Jim, 1913, 227 U.S. 613, 33 S.Ct. 358, 57 L.Ed. 670; Mullen v. Simmons, 1914, 234 U.S. 192, 34 S.Ct. 857, 58 L.Ed. 1274; Flournoy Livestock & Real-Estate Co., 8 Cir., 1894, 65 F. 30, appeal dismissed in 163 U.S. 686, 16 S.Ct. 1201, 41 L.Ed. 305; Choctaw Lumber Co. v. Coleman, 1916, 56 Okl. 377, 156 P. 222, it is of course necessary that the statute in fact have been violated before the *conveyance* should be held void. In the instant case the contract to sell was void under the statute because made during the period of restrictions. Being void, the contract was incapable of being ratified and specific performance could not have been compelled by the defendants. Spector v. Pete, 1958, 157 Cal.App.2d ——, 321 P.2d 59; McKeever v. Carter, supra. But this does not mean that after he received the fee patent and the trust period ended, the Indian could not then make a valid conveyance of the allotted lands. *Nor would it make any difference if the land were conveyed on the identical terms contained in the void contract.* To hold otherwise would be to penalize the Indian, which was not the intention of Congress.

■ This case does not involve the enforcement or ratification of a contract void or otherwise. On December 15, 1954, after the expiration of the trust period, Andreas signed amended escrow instructions authorizing the delivery and recordation of the grant deed he had previously signed. He was free to convey the property at this time, and though he was not required to, he chose to deposit the fee patent, to order the delivery and recordation of the deed, and to accept the consideration. The conveyance, made after the removal of restrictions, was valid.

Counsel for defendant is directed to prepare, serve and lodge findings and judgment in accordance with local Rule 7, West's Ann.Code.