[No. 11664. In Bank. — October 24, 1888.]

JOHN E. McDONALD, Respondent, v. JOHN HUFF
ET AL., Appellants.

Delivery of Deed in Escrow — Revocation of — Agency of Depositary. A deed delivered to a third person in escrow cannot be revoked by the grantor. The depositary of the deed is the agent of both parties, and is bound to deliver the deed on performance of the conditions provided for in the contract.

Id. — Vesting of Title — Relation. — Under a delivery of a deed in escrow, the title vests upon the delivery of the deed to the grantee after the conditions are fulfilled; but the deed takes effect from the date of the contract authorizing the delivery, as against an intervening grantee who takes with knowledge of the escrow.

Escrow — Contract to Convey — Conditional Payment — Statute of Frauds — Estoppel of Vendee. — A contract to convey land in payment of the indebtedness of the vendor, unless otherwise paid by a certain date, is binding upon the vendor from its delivery to a third person in escrow, without the signature of the vendee or any contract in writing from him. If the vendee agrees verbally to the terms of the written

agreement to convey, he is estopped from enforcing the indebtedness until the time fixed by the agreement.

ID. — ACCEPTANCE OF DEED DELIVERED IN ESCROW — RELEASE OF DEBT PAID BY DEED — DELAY IN ENFORCING CONDITION. — When a deed is delivered in escrow in payment of indebtedness of the grantor, if not otherwise paid by a certain date, the acceptance of the deed by the attorney of the vendee, and the execution by his agent of a receipt in full of all demands against the vendor, and the deposit of the same with the depositary for his use, shows a sufficient delivery and acceptance of the deed and release of the indebtedness, though made after the time limited for payment otherwise. The vendor cannot complain of the delay of the vendee in enforcing the condition under such circumstances.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

In 1882, John Huff being indebted to John E. McDonald, who held a mortgage upon the land in controversy, and also a judgment against said Huff, it was agreed between them that Huff should convey the mortgaged land to John E. McDonald, in consideration of a release of all of said indebtedness, and that a conveyance of the land should be held in escrow by R. H. McDonald till November 21, 1882; and in case Huff paid to John E. McDonald $3,080 before said date, the conveyance should be returned to Huff, and if he failed to pay it before said date, the deed in escrow should be delivered to John E. McDonald and become absolute. The escrow remained with R. H. McDonald till March 16, 1883, when it was delivered to John E. McDonald. February 13 and 28, 1883, Huff made two separate demands for the delivery back of the escrow, and on February 26, 1883, executed a deed of the land to the defendant R. F. Herrick, who knew all the facts.

*S. O. Houghton, J. C. Black,* and *Archer & Bowden,* for Appellants.

A proposal may be revoked at any time before its acceptance is communicated to the proposer. (Civ. Code, sec. 1586; *Hibberd* v. *Smith,* 67 Cal. 547; 56 Am. Rep.

726.) A qualified acceptance is a new proposal. (Civ. Code, sec. 1585; *Wiard* v. *Brown,* 59 Cal. 194; *Langellier* v. *Shaefer,* 36 Minn. 361.) The transaction, if concluded, can only be regarded as a mortgage, and the restriction of the right of redemption is void. (*Youle* v. *Richards,* 1 N. J. Eq. 534; 23 Am. Dec. 724; *Gillis* v. *Martin,* 2 Dev. Eq. 470; 25 Am. Dec. 733; *Montgomery* v. *Spect,* 55 Cal. 354; *Green* v. *Butler,* 26 Cal. 603.) In unilateral contracts, time is of the essence of the contract. (*Vassault* v. *Edwards,* 43 Cal. 463; Pomeroy on Contracts, sec. 387.)

*S. M. Buck,* and *John Garber,* for Respondent.

The finding that plaintiff acquiesced in, accepted, and acted upon the papers put in escrow establishes a binding contract. In pleadings and in findings the statement of a proposal and its acceptance is the statement of a contract. (2 Langdell's Cases on Contracts, p. 1090, secs. 180, 181; *Hallock* v. *Commercial Ins. Co.,* 26 N. J. L. 268.) The making of a deed in escrow presupposes a contract, which will not be revoked so long as there is no breach of condition. (*Stanton* v. *Miller,* 58 N. Y. 202, and cases cited; *Hooper* v. *Ramsbottom,* 6 Taunt. 11.) The deposit of a deed in escrow in pursuance of an oral contract is irrevocable. (*Cannon* v. *Handley,* 72 Cal. 134; *Bowles* v. *Woodson,* 6 Gratt. 78.) Equity treats the contract as performed when it ought to have been performed. (*Jordan* v. *Cooper,* 3 Serg. & R. 585; Bispham's Eq. 63; 1 Pomeroy's Eq. Jur., sec. 365.) The title vested in the plaintiff by relation as of the date of the execution and deposit of the deed. (1 Devlin on Deeds, secs. 319, 329, 331; *Conneau* v. *Geis,* 73 Cal. 181; *Stanton* v. *Miller,* 58 N. Y. 202.) The mortgagee may purchase the equity of redemption by a *bona fide* sale, and the fact that he gives a privilege of repurchase — that the contract is more advantageous to the debtor — cannot render the transaction less valid. (*Henley* v. *Hotaling,* 41 Cal. 22; 1 Jones

on Mortgages, secs. 247, 711, 712, and cases; *Manasse* v. *Dinkenspiel*, 68 Cal. 404; *Hinckly* v. *Wheelwright*, 29 Md. 342; *Adams* v. *Adams*, 51 Conn. 546; *Phipps* v. *Munson*, 50 Conn. 268; *Morris* v. *Angle*, 42 Cal. 242; *Barton* v. *Brown*, 68 Cal. 11.)

WORKS, J.—This cause was heard in Department One, and reversed. A rehearing was granted. Upon a careful consideration of the questions presented, and more fully argued at the hearing in Bank, we are of the opinion that the judgment in department should not stand as the judgment of the court.

The deed from the appellant Huff to respondent was, in the hands of R. H. McDonald, an escrow. (*Cannon* v. *Handley*, 72 Cal. 133, 140; *Schmidt* v. *Deegan*, 69 Wis. 300.) And being so, it could not be revoked by the appellant. (*Cannon* v. *Handley, supra; Knopf* v. *Hansen,* 37 Minn. 215.) The depositary was not the agent of the vendor alone, but of both parties, and, as such, was bound to deliver the instrument on performance of the condition provided for in the contract under which he held it. (*Cannon* v. *Handley, supra; Shirley* v. *Ayres,* 14 Ohio, 307; *Schmidt* v. *Deegan, supra.*)

Here were two written instruments, signed by the appellant Huff, one an agreement to convey on certain conditions, which was fully executed by delivery to the depositary; the other a deed, made in pursuance of the agreement, and to become operative upon the happening of the conditions set forth in said agreement, and its delivery by the depositary to the respondent.

The first of these was binding upon the appellant, from its delivery to the depositary, without the signature of respondent, or any contract in writing from him. (Code Civ. Proc., sec. 1973; Civ. Code, sec. 1624; *Rutenberg* v. *Main,* 47 Cal. 213, 219; *Vassault* v. *Edwards,* 43 Cal. 458, 464; *Moss* v. *Atkinson,* 44 Cal. 4.) And the respondent, having agreed, verbally, to the terms of such

written agreement to convey, was thereby estopped to enforce the collection of his debt until the time fixed for the payment of the money in pursuance thereof, or, in default of such payment, the delivery of the deed. (*Vassautl* v. *Edwards, supra; Cagger* v. *Lansing,* 57 Barb. 421, 424; *Worral* v. *Munn,* 5 N. Y. 229; 1 Reed on Specific Performance, sec. 365; *Schmidt* v. *Deegan, supra.*)

The findings of the court below show an acceptance of the deed by the attorney of the respondent, and that he, by his agent and attorney, duly executed a receipt in full of all demands against the defendant Huff, and deposited the same with the depositary for his use.

This shows a sufficient delivery and acceptance of the deed and release of the indebtedness.

The fact that such delivery and release did not take place until after the time provided in the agreement is immaterial. Certainly it is not a matter about which the appellants should be heard to complain under the circumstances of this case.

The title to the property in controversy vested in the respondent by the delivery of the deed to him, and as the court finds that the appellant Herrick took his deed with full knowledge of all the facts, he obtained no title. As against him, the deed from the defendant Huff to the plaintiff must be held to have taken effect at the date of the contract authorizing its delivery.

The judgment and order denying a new trial are affirmed.

Searls, C. J., McFarland, J., Paterson, J., Sharpstein, J., and Thornton, J., concurred.

Rehearing denied.