## J. I. CASE THRESHING MACH. CO. v. FARNSWORTH.

Where a contract of sale of real estate provides for the filing with the register of deeds by the vendor of a declaration of forfeiture in case the contract has been recorded, a declaration so filed is inadmissible in evidence in an action for the specific performance of the contract, in the absence of evidence that the contract has been recorded.

Under the express provisions of Civ. Code, § 1158, a vendor in a contract of sale, which does not make time of the essence, may not refuse to accept payments of the price after there has been a delay, where the delay is capable of compensation by payment of interest.

A vendor in a contract of sale making time of the essence, who neglects to promptly assert his rights of forfeiture on the purchaser's default, and who after default accepts a payment of interest with a statement that such payment settles the matter for a year, thereby waives strict compliance with the contract as to time payment, and a delay in payment does not defeat the right of specific performance.

Where time of payment has been waived by the vendor in a contract of sale making time of the essence, a purchaser is entitled to a reasonable time in which to perform after demand of payment.

A vendor contracted in separate contracts to sell two quarter sections. The purchaser tendered the price for one quarter and asked for a deed, but the vendor demanded the price for both quarters before the execution of any deed. The vendor did not disclose to the purchaser an intention to declare a forfeiture of either contract for nonpayment of the price at maturity, and actual notice of the filing by the vendor of declarations of forfeiture was not given to the purchaser or his assignee. **Held**, that the vendor could not resist specific performance demanded by the purchaser's assignee on the ground of the failure to make payments at maturity.

A purchaser in a contract of sale which binds the vendor to convey a merchantable title subject to a mortgage on specified conditions may assign the contract, and a recorded assignment expressly authorizing the vendor to convey to the assignee protects the vendor against any demands of the purchaser, and the assignee may compel performance.

Where there was no evidence of fraud, mistake, duress, or undue influence in the execution of a contract of sale of real estate, or of facts rendering specific performance unjust or unreasonable, and the purchaser partially performed and his failure to promptly perform was capable of exact compensation, specific performance of the contract at the suit of an assignee of the purchaser was authorized by Civ. Code, § 2346.

Civ. Code, § 2340, providing that neither party to an obligation may be compelled specifically to perform unless the other party thereto has performed or is compellable specifically to perform, is merely declaratory of the rule that there must be mutuality of remedy of specific performance, and if, at the time of decree, plaintiff has fully performed, or may be compelled to perform, the contract is subject to specific performance, the court by its decree enforcing the unperformed provisions of the contract; and mutuality of remedy is not impaired by a provision in the assignment that nothing therein

should be construed as an agreement by the assignee to pay any part of the price or taxes or incumbrances.

Where an assignee of a purchaser tendered to the vendor the amount he believed to be due under the contract before suing for specific performance, and on the trial offered to repay all sums paid by the vendor on a mortgage on the premises and taxes with interest, and the vendor made no objections to the tender, the assignee was entitled to specific performance, though the assignee affixed to his tender an unauthorized condition that defendant should furnish an abstract of title, the vendor, under Rev. Civ. Code, § 1167, having waived objections to the mode of offer of performance.

The rule that equity has discretionary power in compelling specific performance of a contract is subject to limitations, and, where the material facts are established by undisputed evidence, the principles of equity declare with certainty whether the remedy shall be granted or withheld.

(Opinion filed, February 14, 1912.)

Appeal from Circuit Court, Sully County. Hon. LYMAN T. BOUCHER, Judge.

Action by the J. I. Case Threshing Machine Company against Teresa M. Farnsworth. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Case & Shurtleff*, for appellant.

Where all of the vendee's engagements have been promptly fulfilled, and the final payments made or tendered, the vendor cannot refuse to make a deed, as required by the contract, on the ground that the vendee assigned the contract without his consent, contrary to express stipulation. Such a stipulation ceases to operate when all of the vendee's engagements are performed, and, even if an assignment has been made previous to final performance, the vendor cannot object thereto, after failing to do so at the time of the assignment, or on receiving notice of it. Perry v. Paschal, 29 S. E. 703. An assignment of a title bond the assignee succeeds to the rights of the assignor. Pomeroy v. Fullerton, 21 S. W. 19; Brown v. Chambers, 12 Ala. 697; Corbus v. Teed, 69 Ill. 205; Thornburg v. Fish, 27 Pac. 381. Where time is of the essence of the contract it is equally binding upon the vendor as upon the vendee, and if he seeks to enforce the forfeiture he must act promptly. Gaugher v. Kerr, 68 N. W. 694. Plaintiff contends that the provision of the contract making time of the essence of

the contract, may be waived by the granting of an extension of time, or by any other conduct tending to lead the purchaser to believe that a forfeiture would not be strictly enforced by accepting payments on account of the contract, or permitting the purchaser to pay taxes, or make improvements on the land or by any other acts recognizing the contract as still in force. Cheney v. Libby, 134 U. S. 68. The plaintiff having been subrogated to the rights of Fuller and the defendant having waived the forfeiture, plaintiff thereby became entitled to a decree for specific performance of the contract, as an assignee of a contract of sale can enforce specific performance of said contract, and upon compliance with the provisions of the contract can compel the vendor to execute a deed to him. Perry v. Paschal, 29 S. E. 703; Carver v. Spencer, 29 S. E. 703; Weiss v. Myer, 1 S. W. 679; Sims v. Lide, 21 S. E. 220; Pomeroy v. Fullerton, 21 S. W. 19; Dodge v. Miller, 30 N. Y. S. 726; Ewins v. Gordon, 49 N. H. 444.

*C. W. Humphrey* and *John A. Holmes,* for respondent.

Civil Code, § 1287: "A contract in writing may be altered by a contract in writing, or by an *executed oral agreement,* and *not otherwise."* Civil Code, § 1133: "The burden of an obligation may be transferred, with the *consent of the party entitled to its benefit, but not otherwise,* except as provided by section 1142." Specific performance of a contract is decreed as a matter of favor, rather than a strict legal right, and, if any of its material terms be uncertain, such extraordinary relief in equity must be withheld. Unless there be such certainty in expression and mutuality of obligation that both parties have the right of specific performance, it is elementary that neither is entitled to invoke the aid of a court of equity to compel performance by the other, and an action at law to recover damages for the breach of such a contract is the only remedy. Chambers v. Roseland, 21 S. D. 298.

HANEY, J. This is an action to enforce the specific performance of two contracts in writing relating to real property. The appeal is by the plaintiff from a judgment in favor of the defendant and from an order denying plaintiff's application for a new trial.

On March 30, 1908, the defendant and one W. H. Fuller executed two contracts, in each of which the defendant agreed to convey to the latter, by warranty deed, a fee-simple title to a quarter section of land in Sully county, subject to a mortgage thereon, upon payment of certain specified sums on or before certain specified dates, with interest at the rate of 8 per cent. per annum; and in each of which Fuller agreed to make the specified payments, to assume the mortgage, to pay taxes, and to break 25 or more acres of the quarter before June 1, 1908. Fuller made the payment required by each contract when it was executed, paid taxes for one year, broke more than 25 acres of each quarter before June 1, 1908, and placed valuable improvements on the land. but failed to make payments required by each contract November 1, 1908, and November 1, 1909. On April 19, 1909, Fuller executed, acknowledged, and delivered to the plaintiff the following instrument, which was recorded April 24, 1909: "Know all men by these presents, that I, W. H. Fuller, for and in consideration of the sum of one dollar to me in hand paid by J. I. Case Threshing Machine Company (Incorporated), hereby sell, assign, and set over to the said J. I. Case Threshing Machine Company (Incorporated) all my right, title, and interest in and to that certain land contract bearing date of the 30th day of March, 1908, and described as follows, viz.: * * * And I hereby represent that there is now remaining unpaid on said contract the sum of $1,200.00 and that there are no unpaid sums past due either of interest or principal. The object of this assignment is to secure to the J. I. Case Threshing Machine Company (Incorporated) the payment to it of the sum of $3,200.00, according to the terms of seven certain promissory notes as follows: * * * I further agree that if the said J. I. Case Threshing Machine Company (Incorporated) shall make payments on said contract, either of principal, interest, or taxes, this assignment shall operate as security for the repayment to it of all sums so paid with interest from date of payment at the rate of ten per cent. per annum. I hereby authorize the owner of said land to deed the same to the J. I. Case Threshing Machine Company (Incorporated) when the terms of said contract have been fully complied with. It is further mu-

tually agreed that when all sums secured by this assignment shall have been paid in full to the J. I. Case Threshing Machine Company (Incorporated), with interest, then and in that event the said company will reassign said contract to the said W. H. Fuller, and if said lands shall have been deeded to said company then said company will reconvey them by a sufficient deed covenanting only against its own acts and subject to all unpaid taxes and incumbrances to the said W. H. Fuller upon the completion of said payments, but nothing herein contained shall be construed as a covenant or agreement on the part of said company to assume or pay any part of the purchase price of said lands or any taxes or incumbrances thereon. I, the said W. H. Fuller, hereby agree that I will make all payments to be made according to the terms of said contract and will make same when they become due according to the terms of said contract." On January 10, 1910, the plaintiff notified the defendant in writing that it was the owner by assignment of all the vendee's right, title, and interest in and to both contracts; that it elected to pay all that remained unpaid, with interest, according to the terms of the contracts (payments before maturity at option of vendee being permitted by both); that it would assume payment of the mortgages; and demanded the transfer of a merchantable title by warranty deed subject to the mortgages. On the same day the plaintiff tendered to the defendant $3,626.12, again demanding performance by the defendant, deposited the sum so tendered, and notified the defendant of the deposit.

[1] The contracts sought to be enforced are not the same in form or substance. One expressly declares that time shall be of the essence of the obligation, while the other does not. One provides for the filing of a declaration of forfeiture by the vendor with the register of deeds in case the contract shall have been recorded, while the other has no such provision. Notwithstanding the substantial difference between the contracts in these and other respects, the action appears to have been tried as though it involved only one contract—only one cause of action—the defendant having been allowed to introduce two declarations of forfeiture

filed November 30, 1909. Manifestly the declaration relating to the contract which contained no reference to such an instrument was immaterial and should have been excluded. Nor should the other have been received in absence of evidence that the contract to which it related had been recorded. Moreover, assuming both contracts authorized the filing of these declarations, the fact that they were filed was immaterial because the defendant was not in position to declare a forfeiture.

[2] As to the contract wherein time was not expressly declared to be of the essence of the obligation, the delay being capable of exact and entire compensation by the payment of interest, the vendee's failure to make payments when due did not justify refusal to accept payment when offered by the plaintiff. Rev. Civ. Code, § 1158.

[3] If time had been expressly declared to be of the essence of the obligation in both contracts, the defendant was not in position to insist upon a forfeiture. She had not only neglected to promptly assert her rights, but had, as appears from uncontradicted evidence, on December 1, 1908, after the vendee was in default, accepted a payment of interest, stating, "There, that settles that for one year." It may be that the receipts for this interest did not show an agreement to extend any payment, and that the payment of accrued interest was not sufficient consideration to support an oral extension; nevertheless, the defendant's conduct operated as a waiver of her right to insist upon a strict compliance with the terms of either contract as to the time of payment. Pier v. Lee, 14 S. D. 600, 86 N. W. 642; Keator v. Ferguson, 20 S. D. 473, 107 N. W. 678, 129 Am. St. Rep. 947.

[4] The trial court found that on or about November 15, 1909, the defendant demanded of the vendee payment in full for all of the lands in accordance with the terms of the contracts. If this means that immediate payment was demanded, it constituted no defense as the vendee was entitled to a reasonable time in which to perform; strict compliance with the terms of the contract, as to the time of payment, having been previously waived by the vendor.

[5] But no demand was alleged; none was proved. The only testimony on the subject is that of the vendee. It is as follows: "I went to see her at Doland the 2d of November, 1909, about the payment of the balance of her money. I stated to her that I wanted to sell the place. I was thinking then of selling only one quarter. Q. What did you say about wanting a deed? A. She said she was willing to take her money and give a deed, but she wanted all her money. I told her the money was ready for one quarter, that I would have to see about the money for the other quarter. I afterwards wrote her and she came over. That was along about the 15th of last November. Q. What did you say to her at that time about paying her all of her money and taking deeds for both quarters of land? A. She said she was ready to take it, but she said the Case people having this assignment—as quick as we could get that straightened she would give a deed." This testimony discloses nothing more than an unjustifiable refusal to deed one quarter without receiving all that was due on both contracts. It conclusively establishes the fact that the defendant was not then intending to declare a forfeiture as to either. Actual notice of the filing of the declarations was not given to the vendee or to his assignee, nor was actual notice of the defendant's intention to declare a forfeiture given to any one, so far as the record on this appeal discloses, before this action was commenced. Therefore, if the vendee were plaintiff, the defendant could not successfully resist specific performance on the ground of the former's failure to make payments when due by the terms of the contracts.

[6] There was nothing in the nature or terms of either contract which precluded its assignment. There was no uncertainty as to validity or terms. The vendor's obligation was to convey a merchantable title, subject to the mortgages, upon certain definite, specified conditions. It was wholly immaterial in whom such title should vest, provided such conditions were complied with. The recorded assignment, expressly authorizing the defendant to convey to the plaintiff, protected her against any demands of the vendee. Ross v. Page, 11 N. D. 458, 92 N. W. 822.

[7] Why then should she not have been compelled to convey upon the specified conditions? The record discloses no evidence as to the value of the property at any time; no suggestion of fraud, mistake, duress, or undue influence; no fact which rendered specific performance upon the specified conditions unjust or unreasonable. The vendee having partially performed, and the failure to promptly pay the sums required by the contracts, including the mortgages mentioned therein, when they became due, being capable of exact and entire compensation by payment of interest and repayment of whatever sums were paid on the mortgages by the defendant, with interest, the case was one in which specific performance is expressly authorized by the statute. Rev. Civ. Code, § 2346.

[8] The contention that the plaintiff was not entitled to specific performance because the assignment provided that "nothing herein contained shall be construed as a covenant or agreement on the part of said company to assume or pay any part of the purchase price of said lands or any taxes or incumbrances thereon" is not tenable. It rests on these statutory provisions: "Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance." Rev. Civ. Code, § 2340. This statute is merely declaratory of the well-recognized rule that in this class of cases there must be mutuality of remedy when the decree is rendered. It does not require mutuality of remedy ab initio. If, when the decree is rendered, the party seeking specific performance has fully performed, or may be compelled to fully perform, the rule and the reason of the rule are satisfied. It simply requires that the court, by its decree, shall enforce all the unperformed provisions of the contract in præsenti. Brown v. Munger, 42 Minn. 482, 44 N. W. 519. When the decree in this case was rendered, both mortgages on the land had been paid by the defendant, the provisions relating to breaking had been performed, and the plaintiff was in court insisting upon the right

to repay whatever sums had been paid by the defendant on taxes and the mortgages, with interest, and to pay whatever sums were due the defendant by the terms of the contract, with interest. A decree compelling the defendant to convey upon receiving all she would have received for her land had the contracts been performed according to their terms, with interest as compensation for the delay, would have enforced all unperformed conditions of both contracts; would have given the defendant what she agreed to accept for her land; and would have been entirely just and equitable. There can be no doubt of the court's power to have rendered such a decree. Therefore there was mutuality of remedy within the meaning of the statute.

[9] The notice of deposit required defendant to furnish abstracts of title, a condition not justified by either contract. The evidence discloses that the defendant had paid certain taxes and certain sums as interest on the mortgages, which, as we understand the record, were not included in the plaintiff's tender, presumably because the fact of such payments by the defendant was unknown to the plaintiff when its tender was made. The evidence also discloses that, after plaintiff's tender and before the trial, the defendant paid both mortgages. On the trial, the plaintiff offered to repay all sums paid by the defendant, with interest. This offer, in connection with the tender, in absence of any objections to the tender, clearly entitled the latter to be heard on the merits of its cause of action. Rev. Civ. Code, § 1167. Montgomery v. De Picot, 153 Cal. 509, 96 Pac. 305, 126 Am. St. Rep. 84. The fundamental principle governing this phase of the case is the maxim that "He who seeks equity must do equity." It conclusively appears that the plaintiff was ready, able, and willing to perform all the unperformed conditions of both contracts; to compensate the plaintiff by repayment, with interest, for all payments made by her; and that it would have done so if permitted by the defendant or required by the trial court.

[10] The expressions frequently found in the books regarding the discretionary powers of courts of equity, in actions to compel the specific performance of contracts, unless taken with certain

limitations, are misleading. They do not mean that judgments in such actions may not be reviewed and reversed if found erroneous. When, as in this case, the material facts are established by undisputed evidence, "the principles of equity come into operation and pronounce with certainty and absoluteness whether the remedy shall be granted or withheld." Pomeroy on Contracts, § 46. Upon the undisputed facts disclosed by the record on this appeal, we think the remedy should not have been withheld. The judgment and order appealed from are reversed.