FRANK VIERNEISEL et al., Respondents, v. RHODE ISLAND INSURANCE COMPANY (a Corporation), Appellant.

Lind & Schmitz for Respondents.

William K. Young for Appellant.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover a sum alleged to be due under the terms of a fire insurance policy, defendant appeals.

The material facts are these:

On June 1, 1944, defendant issued to Luigi and Luigia Ferrero, as assured, a policy of fire insurance indemnifying them against loss arising from destruction by fire of a dwelling house owned by them. On June 28, 1944, Mr. and Mrs. Ferrero and plaintiffs executed written escrow instructions to the Redlands Branch of the Bank of America regarding the sale of the insured property. Simultaneously with the execution of the escrow instructions Mr. and Mrs. Ferrero delivered to the escrow holder the fire insurance policy in question, and a deed conveying the real property to plaintiffs upon which the insured dwelling was located.

On June 29, 1944, the dwelling house was totally destroyed by fire and thereafter under a nonwaiver agreement the extent of the damage was established at $4,750.

On August 24, 1944, plaintiffs notified the Ferreros they had paid outside of escrow the sum of $200, had deposited $1,000 in escrow and they would deposit the further sum of $5,800 in escrow on account of the purchase price, but that they would not deposit further sums until the fire insurance claim was settled. On August 24, 1944, plaintiffs deposited $5,800 with the escrow holder, accompanied by amended instructions stating that they were to receive the proceeds from the fire insurance policy when the claim was settled.

On September 28, 1944, plaintiffs deposited in the escrow $5,020 which represented the balance of the purchase price and escrow charges. On or about October 6, 1944, the Ferreros deposited in the escrow an assignment of that portion of the insurance policy relating to the dwelling and also of

their rights to claim indemnity for destruction of the dwelling house by fire. On October 27, 1944, the Ferreros' deed to plaintiffs was recorded and on November 9, 1944, plaintiffs received from the escrow the fire insurance policy, policy of title insurance, and the assignment of October 6, 1944. The fire insurance policy contained a provision that it could not be assigned without the consent of defendant. At no time was there a request that defendant consent to a transfer of the fire insurance policy to plaintiffs nor did defendant ever so consent.

The present suit was instituted to recover for the loss under the fire insurance policy.

There are four questions necessary for us to determine which will be stated and answered hereunder seriatim:

█ First: *Were the Ferreros the legal owners of the premises on the date of the fire?*

This question must be answered in the affirmative. The property was destroyed on June 29, 1944. The escrow had been opened for the sale of the property to plaintiffs on the day before, June 28, 1944. However, the deed was not delivered to plaintiffs until October 27, 1944.

It is the general rule that where conditions fixed for delivery of a deed are not such as are certain to happen, merely depositing the deed with an escrow holder does not pass title to the grantee. (*Holman* v. *Toten,* 54 Cal.App.2d 309, 313 [128 P.2d 808], and cases cited therein.)

In the present case the conditions of the escrow were not certain to happen and title did not pass until plaintiffs had complied with the conditions of the escrow and were entitled to receive the deed. Therefore on the date of the fire the Ferreros were the legal owners of the property which was destroyed.

*Marr* v. *Rhodes,* 131 Cal. 267 [63 P. 364], *McDonald* v. *Huff,* 77 Cal. 279 [19 P. 499], and *Hawi Mill & Plantation Co., Ltd.* v. *Finn,* 82 Cal.App. 255 [255 P. 543], relied on by defendant are cases falling within an exception to the general rule above stated. In some cases where application of the general rule creates a hardship the courts indulge in a legal fiction holding that where the terms of an escrow have been complied with and a deed has been delivered, the delivery will be deemed to have been made as of the date of the delivery of the deed into escrow. In the present case there is no reason for the

application of this legal fiction for in place of avoiding a hardship it would in fact work a hardship upon the insured.

■     Second: *Was the policy of fire insurance assigned prior to the loss?*

This question must be answered in the negative. The fire insurance policy had been placed in escrow in 1944, but the instructions clearly negative any assignment as of that date. The pertinent portion of the instructions reads as follows:

"Assume that insurance premiums are paid and transfer on behalf of parties hereto any fire insurance policies as handed you. Forward such policies, upon close of escrow, to agent with the request that insurer consent to such transfer or attach Loss Payable on Mortgagee's Clause or other additions or corrections, and that agent thereafter forward such policies to parties entitled thereto."

For a case based on facts similar to those in the present case and holding that the right to recover on a fire insurance policy is not forfeited because a deed is placed in escrow awaiting performance of conditions precedent to the delivery thereof to the vendee see *Pomeroy* v. *Aetna Insurance Co.*, 86 Kan. 214 [120 P. 344, Ann.Cas. 1913C 170, 38 L.R.A.N.S. 142].

It is settled that after a loss has arisen liability is fastened upon the insurer and any right of the insured as a result of the loss may be assigned with or without the consent of the insurer. (*Ocean Acc. etc. Corp.* v. *Southwestern Bell Telephone Co.* (Western Dist. of Mo.), 100 F.2d 441, 444; *Davies* v. *Maryland Casualty Co.*, 89 Wash. 571 [154 P. 1116, 155 P. 1035, L.R.A. 1916D 395].) In the present case the loss occurred on June 29, 1944, and the assignment was not made by the Ferreros to plaintiffs until October 6, 1944.

■     Third: *Were the Ferreros the sole and unconditional owners of the destroyed property on June 29, 1944, the date of the fire?*

This question must be answered in the affirmative. An option to purchase does not vest such an interest in the optionee as to void an insurance policy which provides that it shall be void in case of a change in interest, title or possession with the consent of the insured. (*Mackintosh* v. *Agricultural Fire Ins. Co.*, 150 Cal. 440, 442 et seq. [89 P.102, 119 Am.St.Rep. 234].)

*Brickell* v. *Atlas Assurance Co., Ltd.*, 10 Cal.App. 17 [101 P. 16], is factually distinguishable from the present case.

In the cited case the insured had entered into an agreement for the sale of his property, the purchase price was to be paid in installments and the purchaser had the right of possession. In such case the vendor did not have an absolute title, the equitable title being vested in the purchaser. At the time of the fire in the present case the plaintiff held merely the right to complete the terms of the escrow and thus become entitled to acquire the property. Therefore the instant case falls under the rule announced by our Supreme Court in *Mackintosh* v. *Agricultural Fire Ins. Co., supra.*

█ *Did the Ferreros suffer a pecuniary loss as the result of the fire?*

This question must also be answered in the affirmative. The board of appraisers established the loss in the sum of $4,750. In addition, the Ferreros assigned the right to collect this sum from defendant to the plaintiffs on condition that plaintiffs would deposit in escrow the balance due in the sum of $5,020. Clearly, there can be no question that the Ferreros suffered a pecuniary loss and that they assigned the rights to recover this pecuniary loss from defendant to plaintiffs.

Since the record is free from error, the judgment should be affirmed.

It is so ordered.

Moore, P. J., and Wilson, J., concurred.

[Civ. No. 15519. Second Dist., Div. Two. Dec. 12, 1946.]