**Gene HARTMAN and C.E. Pahl, Plaintiffs and Appellants,**

v.

**Wallace WOOD and Wiky Wood, Defendants and Appellees.**

**No. 16225.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1989.

Decided March 8, 1989.

---

Irving A. Hinderaker and David R. Strait of Austin, Hinderaker, Hackett & Hopper, Watertown, for plaintiffs and appellants.

Bernard E. Duffy of Bergren & Duffy, Fort Pierre, for defendants and appellees.

MILLER, Justice.

## ACTION

Gene Hartman and C.E. Pahl (Hartman) appeal a summary judgment granted in favor of Wallace and Wiky Wood (Woods) in Hartman's action for specific performance of a contract for deed. Hartman also appeals an award of attorney's fees to Woods. Woods have made a motion for attorney's fees on appeal. We affirm in part and reverse and remand in part. Woods' motion for appellate attorney's fees is denied.

## FACTS

In 1976 Woods entered into a contract for deed for the sale of a parcel of real property to Vernon Garrett Ranch, Inc. (Garrett). The contract required Woods to deliver Garrett fee title to the property when Garrett completed all of the payments called for in the contract for deed. Delivery of fee title was to be accomplished through an escrow. Pursuant to this requirement, Woods executed a warranty deed to the property, naming Garrett as grantee, and deposited the deed with an escrow. The escrow was to deliver the deed to Garrett when Garrett had made all of the payments for the property.

After Woods deposited the warranty deed with the escrow but prior to Garrett's payment of the full purchase price for the property, the contract for deed went through numerous transactions. Garrett assigned the contract for deed to a related partnership. Garrett and the partnership subsequently assigned their interests in the contract for deed to Connecticut Mutual Life Insurance Company as security on a mortgage. Connecticut Mutual later foreclosed its mortgage and purchased the contract for deed at a sheriff's sale. Connecticut Mutual then assigned its interest in the sheriff's certificate of sale to the First Na-

tional Bank of Minneapolis. After expiration of the redemption period, a sheriff's deed to the property was issued to the First National Bank. First National in turn assigned its interest in the contract for deed to Hartman, also giving Hartman a limited warranty deed to the property. All of these transactions were duly recorded with the Register of Deeds.

Hartman completed all of the payments required under the contract for deed and Woods accepted the payments. Hartman then asked Woods to convey a new warranty deed to the property (bypassing the deed Woods had previously placed in escrow). Woods refused to give Hartman a new warranty deed instead authorizing release of the escrow deed to Hartman.

Hartman brought the present action for specific performance to compel Woods to execute a new warranty deed to the property in issue. The trial court granted summary judgment for Woods and awarded Woods their attorney's fees.

## ISSUE ONE

Whether the trial court erred in granting Woods summary judgment?

A summary judgment will be affirmed only if there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon,* 407 N.W.2d 801 (S.D.1987). The parties agree that the material facts of this matter are not in dispute. Therefore, this court's review centers on the legal question presented in this action. The question is whether the assignee of a purchaser under a contract for deed is entitled to a warranty deed from the vendor when the vendor has previously deposited a warranty deed with an escrow for delivery to the purchaser on payment of the purchase price?

Absent the factor of the escrow, Hartman's entitlement to compel Woods to specifically perform their obligation to convey fee title to the property would be clear. *See Hardman v. Lasell,* 55 S.D. 176, 225 N.W. 301 (1929); *J.I. Case Threshing Mach. Co. v. Farnsworth,* 28 S.D. 432, 134 N.W. 819 (1912) (assignee of contract for deed may maintain action for specific per-

formance against vendor for conveyance of legal title to property). However, neither *Hardman* nor *J.I. Case Threshing* address a situation such as in this case where the vendor has already deposited a warranty deed to the property with an escrow. Accordingly, further review is directed toward the role of the escrow in transferring title to the property.

██ Generally, title to property under a deed deposited into escrow transfers when the escrow delivers the deed or when the conditions placed upon its delivery have been met. 28 Am.Jur.2d Escrow § 29 (1966). *See also* SDCL 43-4-11 (grant deposited with an escrow takes effect on delivery by the escrow). There is an exception to this rule holding that transfer of title by deed will be treated as relating back to the deed's original deposit into escrow where resort to this fiction is necessary to give the deed effect. 28 Am.Jur.2d Escrow § 29 (1966). Thus:

> Where the grantee in an escrow deed, after the deposit of the instrument in escrow but before the performance of the condition upon which it was to be delivered, makes a conveyance of the land to a third person, the escrow deed relates back to its original deposit, upon the performance of the condition, *so as to validate the conveyance made by the grantee.* (emphasis added).

*Id.* at § 35. *See also* Annotation, *Escrow–Passing of Title–Relation Back,* 117 A.L.R. 69, 83 (1938).

This is precisely the situation confronted in this case. Prior to performance of the conditions for delivery of the escrow deed, Garrett assigned its interest in the property to another party. Successive assignments were made to additional parties until Hartman performed the conditions for delivery of the escrow deed. Applying the above rule, the escrow deed should be treated as having vested title to the property in Garrett at the time the deed was placed in escrow. This would have the effect of validating the "subsequent" conveyances of the property by Garrett and its successors in interest (e.g. the sheriff's

deed and the limited warranty deed to Hartman).

Based upon the foregoing discussion, Hartman's action for specific performance against Woods was not an appropriate means of removing some cloud that he may have perceived on his title. Hartman had a deed to the property validated by the escrow deed's vesting of title to the property in Garrett prior to Garrett's conveyance of the property. If Hartman perceived some cloud remaining on his title from the intervening assignments, other remedies were available to him (e.g. a quiet title action under SDCL ch. 21–41).

We additionally observe that Woods performed all of their obligations under the contract for deed when they deposited the warranty deed into escrow. Specific performance against Woods was, therefore, unavailable because there was nothing left for Woods to specifically perform. *Kallstrom v. Marshall Beverages, Inc.*, 397 N.W. 2d 647 (S.D.1986). It follows that summary judgment for Woods was appropriate as a matter of law.

### ISSUE TWO

Whether the trial court abused its discretion in awarding Woods their attorney's fees?

Woods counterclaimed against Hartman for an award of attorney's fees incurred in defending the action contending that Hartman's complaint was "frivolous" under SDCL 15–17–35:

> If a cause of action against any person is dismissed, and the court determines that the cause of action was *frivolous* or brought for malicious purposes, the court may order the plaintiff to pay any or all costs incurred by the person in defending the cause of action, including reasonable attorney's fees. (emphasis added).

The trial court found Hartman's complaint frivolous and, accordingly, awarded Woods attorney's fees of $846.58 * in its judgment. Hartman now contends that this award was an abuse of the trial court's discretion.

A court may award attorney's fees to a party to an action only in those cases where it is specifically provided for by statute. SDCL 15–17–7; *Lowe v. Steele Const. Co.*, 368 N.W.2d 610 (S.D.1985). On appeal, Woods again rely on SDCL 15–17–35 (see above) as statutory support for the attorney's fees awarded to them.

This court has not yet defined the word "frivolous" as it is to be applied under SDCL 15–17–35. Both parties rely on a definition of the term developed by the Colorado Supreme Court under a similar statute: "[a] claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense." *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo.1984). This test is not applied, however, to, "meritorious actions that prove unsuccessful, legitimate attempts to establish a new theory of law, or good-faith efforts to extend, modify, or reverse existing law." *Id.*

The Colorado Supreme Court has further held that a party filing a motion for an award of attorney's fees bears the burden of proving by a preponderance of evidence its entitlement to such an award. *Com'rs. of Jefferson City v. Auslaender*, 745 P.2d 999 (Colo.1987). "The party against whom the motion is directed must be given appropriate notice and an opportunity to controvert the motion." *Id.* at 1001. It follows that in ruling on a motion for attorney's fees the trial court is obliged to enter findings of fact and conclusions of law that will permit meaningful, appellate review of its disposition of the motion. *See Id.*

█ Because the standards for awarding attorney's fees followed by the Colorado Supreme Court are also in accord with those of pertinent federal authorities (*see Western United Realty, Inc., supra*) we hereby adopt these standards as our own. Applying the foregoing rules to the instant case, we note that no hearing on the specific issue of the frivolity of Hartman's action was conducted by the trial court prior to awarding Woods their attorney's fees. We

---

* Based upon an affidavit of attorney's fees sub-    mitted by Woods.

further observe that the trial court failed to adopt findings of fact and conclusions of law that would permit a meaningful, appellate review of the award of attorney's fees. This is understandable inasmuch as we have never previously set forth the necessary guidelines for awarding attorney's fees under SDCL 15-17-35. Nevertheless, in order to comply with the above procedural safeguards, we reverse the award of attorney's fees to Woods and remand this matter for an appropriate hearing and the entry of the requisite findings of fact and conclusions of law to support an award of attorney's fees.

### ISSUE THREE

Whether Woods should be awarded their attorney's fees incurred in this appeal?

■ Woods also contend that Hartman's appeal in this matter was frivolous and that they should, therefore, be entitled to the attorney's fees incurred in defending the appeal. Having concluded that there is an inadequately developed evidentiary record in this matter on the legitimacy of Hartman's action, we find nothing on which to base a determination concerning the frivolity of Hartman's appeal. Accordingly, Woods motion for appellate attorney's fees is denied.

We affirm summary judgment for Woods but reverse and remand for a hearing on the issue of Woods' claim for attorney's fees on the grounds of frivolity.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in result in part and concurs in part.

HENDERSON, Justice (concurring in result in part and concurring in part).

Essentially, this case pertains to time— time when an instrument becomes operative. In this case, it is a warranty deed placed in escrow by appellees, vendors, with an escrow agent, a bank, naming Vernon Garrett Ranch, Inc., as vendee. A third party to this transaction, Hartman and Pahl, total strangers to the contract for deed, sue for both specific performance and damages. These appellants are requesting of the appellees, a second deed, which, in essence, would boil down to the appellees warranting title to the property, free and clear, of all encumbrances. What happens to intervening purchases, contracts, assignments, easements, liens, and rights-of-way placed of record upon the property in question, is an impactual question and vitally influences the rationale of this writer. I should mention that the action for general damages is for supposed wrongful refusal to convey legal title. This theory, pleaded by appellants, appears in the complaint even though appellees have executed a warranty deed, placed it in escrow, and the warranty deed is there simply for the asking by the appellants from the escrow agent. It is noted by this writer that there are twenty-four entries, since the execution of the contract for deed and warranty deed, and the placement thereof in an escrow file. Needless to say, the subject of the sale of this property, after its sale, has an influx of subsequently recorded documents in the chain of title. It is understandable why appellees are not interested in now negotiating a new warranty deed and to strangers—strangers in the sense that the appellants were not privy to the original contract for deed.

This all brings us to a rule, or let us call it an exception, known as "relation back to the first delivery." Simply put, it means: That upon final delivery of an escrow instrument by the escrow agent or upon the performance of the conditions of the escrow agreement, the escrow instrument (here a warranty deed) will be treated as relating back to the time of its original deposit in escrow; it will take effect at the time of its original deposit in escrow. Fundamentally, we are dealing with a fiction to prevent injustice and to effectuate the intention of the parties. *Cowden v. Broderick & Calvert,* 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61 (1938). Regarding this fictional "relation back theory," it is an attempt to legally engineer an avoidance of injury to the effect of the deed, as pertaining to entries on the title between a first and a second delivery. Historically, this

rule devolved from Butler & Baker's Case, 3 Coke 25a, 75 Eng. Reprint 684 (1591), wherein Lord Coke expressed:

[T]he second delivery hath all its force by the first delivery, and the second is but an execution and consummation of the first; and therefore in case of necessity, et ut res magis valeat quam pereat, it shall have relation *by fiction* to be his deed ab initio, by force of the first delivery. (Emphasis added.)

Bottomed in equity, said fiction is devised to avoid injustice. It is upon the performance of the conditions whereupon the instrument is to take effect from the date of delivery in escrow. *Broderick, supra,* 114 S.W.2d 1166, 117 A.L.R. 72, 90. However, this rule of "relation back" should not be applied if it does not effectuate the intention of the parties or it does not avoid hardship. *Vierneisel v. Rhode Island Ins. Co.,* 77 Cal.App.2d 229, 175 P.2d 63 (1946). It is difficult for me to understand why these vendors should have to "stand good" for numerous entries on this title which were not of their own doing. Appellees bargained for delivering a warranty deed upon the fulfillment of certain conditions. Those conditions were met. Thereupon, the fictional passage of title took place.

I concur in the result of this opinion; however, I write to express that the title, in my opinion, did not pass until the escrow agent delivered the warranty deed and all of the financial conditions placed upon the deed's delivery had been met. Where one accepts the conceptual basis that the escrow deed relates back to its original deposit (here, grantee having made a conveyance of the land to a third person), still the performance of the conditions (contingencies) must be met. I accept the proposition that the escrow deed vested title to the property in Vernon Garrett Ranch, Inc., at the time the deed was placed in escrow, *providing* the conditions for delivery of the escrow deed were met. *Newport Bay Dredging Co. v. Helm,* 120 Cal.App. 127, 7 P.2d 1039 (1932). Furthermore, I agree with the majority opinion which holds, under *Kallstrom,* that there was nothing left for Woods to specifically perform. Since reading these briefs, I have been overwhelmed with the thought that vendors performed their contract. They fulfilled their bargain. All of the subsequent transactions, regarding this property sold under the contract for deed, were the actions of vendee and its successors in interest. Fictional passing of title must be based upon the fulfillment of the conditions. *Wampler v. Wampler,* 239 La. 315, 118 So.2d 423 (1960).

I fully concur with the dissertation on Issues 2 and 3.